## Rose v. Rose.

June 21, 1946.

S. H. Rice and R. R. Friend for appellant.

Shumate & Shumate and Ezart Ashcraft for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Appellant was granted a divorce from appellee, and awarded alimony in the lump sum of $300. The judgment provided that appellee should pay $75 to appellant's attorneys for their services in the case. She has appealed from the judgment upon the grounds that the award for alimony and the allowance to her attorneys are inadequate.

The parties married in the year 1932, and there is no concrete testimony of unpleasant relations during the first six years of their married life. In 1938, appellant was stricken with tuberculosis, and spent the next five

years in a sanatorium in Asheville, North Carolina. Appellee paid her medical and hospital bills during this time. They corresponded infrequently, and she made short visits to her home on a few occasions during that period of time. She was discharged from the hospital in 1943; but the record discloses that she is still afflicted with the disease. In the meantime, she underwent three operations, resulting in removal of ten ribs and the collapse of one of her lungs. She has been advised by her physician that the other lung now is infected. The tubercular germs have spread to her ears and throat, and she is unable to do any work, or to remain out of bed for any lengthy period of time. She filed the action for divorce in 1945, alleging cruel and inhuman treatment. Appellee denied the allegations of the petition and counter-claimed, seeking a divorce upon the grounds of abandonment, cruel and inhuman treatment, and, by amendment, alleged that she had been guilty of such lewd and lascivious conduct as to render her unchaste.

The evidence discloses that, since her illness commenced, appellant has been irritable, high tempered, and guilty of the offense of nagging her husband. This demeanor, however, should be excused as attributable to her condition of health. Since her return from the sanatorium, appellee has refused to provide her with the necessaries of life; has notified merchants that he will not be responsible for any debts incurred by her; and has withdrawn deposits from public utilities which he made originally to secure their services. Appellant is thirty-seven, appellee fifty-one, years of age. She is the mother of three, and he the father of four, children by previous marriages; no children have been born to this union. Mrs. Rose inherited some property from her father, which she converted into cash, and with which she made the principal payments on the house in which the parties lived, and on an automobile which they used jointly.

Appellee's evidence in respect to lewd and lascivious conduct is without any probative value whatever. He testified that his son, who did not appear as a witness in the case, told him that he saw appellant with a man in a roadhouse; this testimony was incompetent, as hearsay, and appellant and her alleged consort denied the charge. Appellant's next-door neighbor, with whom she previously had had trouble, testified that she intercepted

a letter addressed to her husband, to which appellant's name was subscribed. She said, "I guess she wrote the letter all right, it had her name signed to it". She failed to produce the letter, saying that she had destroyed it; she did not testify that she was familiar with appellant's handwriting; and failed to testify as to anything contained in the letter. This testimony was evidence of nothing. The same neighbor further testified that she had seen Vernon Parsons, on various occasions many years ago, enter appellant's house in the absence of her husband; she and other witnesses testified that they had seen Mrs. Rose riding in the automobile with Mr. Parsons driving. This was explained by the uncontradicted testimony that, at the times mentioned, Mr. Parsons had been engaged by appellee to drive the automobile for appellee's wife, in consideration that Parsons could use the car to drive his mother to her church, which is located about five miles distant from her home. Appellant and Mr. Parsons testified that his visits to her home were for the sole purpose of securing or returning the key to the automobile. Appellee testified that on two or three occasions he arrived at his home and found a Mr. Baker in the kitchen talking to appellant. Appellant admitted that this was true, but testified that Mr. Baker had come there to await the return of her husband, in order that they could go to church together. No witness testified that he ever saw appellant in a compromising position with any man; and certainly the evidence related above is not sufficient for one to even suspect appellant of having been guilty of lewd and lascivious conduct.

The unsustained allegation of lewd and lascivious conduct is sufficient, in itself, to sustain the Chancellor's judgment granting appellant a divorce. Nichols v. Nichols, 189 Ky. 500, 225 S. W. 147; Woford v. Woford, 267 Ky. 787, 103 S. W. 2d 296. That being true, she was entitled to alimony. Skidmore v. Skidmore, 261 Ky. 327, 87 S. W. 2d 631. At the time of the trial, appellee admitted that his income as a switchman on the L. & N. Railroad was approximately $2,700 per year; and his income as a Minister was approximately $600 per year. He has only one child, a son seventeen years of age, dependent upon him for support; and no doubt he will be inducted into the armed forces of his country before long. Appellant's sixteen year old daughter is depend-

ent upon her for support. Under these circumstances, it is apparent to us the award for alimony is totally inadequate; and for this reason, the judgment must be reversed, with directions that, in the absence of a showing of change in appellee's income, the Chancellor will award appellant alimony in the sum of $100 per month.

Appellant's complaint concerning the allowance to her attorneys may not be entertained, because the allowance was made directly to them, and they have not prosecuted an appeal. Wingfield et al. v. Mills et al., 217 Ky. 398, 289 S. W. 233.

The judgment is reversed, with directions that another be entered in conformity with this opinion, or for proceedings not inconsistent herewith.