## JOHNS v. JOHNS.

Court of Appeals of Kentucky.
Nov. 7, 1952.

Ephraim K. Lawrence, Jr., Louisville, for appellant.

Marvin Sternberg, Louisville, for appellee.

WADDILL, Commissioner.

The appellee, Marguerite Frances Johns, filed this action for divorce against appellant, Max William Johns, alleging the statutory grounds of cruelty and abandonment. KRS 403.020. She also sought temporary and permanent alimony. The appellant counterclaimed asking for a divorce upon the same grounds and sought a restoration of his property under Section 425 of our Civil Code of Practice.

The chancellor granted appellee a divorce, awarded her alimony in the lump sum of $1000 and ordered appellee to restore to appellant certain items of personal property. The chancellor refused to order a restoration of the money which appellee had received from the sale of certain real estate formerly occupied by the parties as their home.

This appeal is from that part of the judgment which awarded appellee alimony and dismissed appellant's claim for a restoration of the money received by appellee from the sale of the real estate.

The parties were first married in 1922. They had 2 children by that union. In 1923 they acquired a residence at 1047 South 32nd Street in Louisville, Kentucky, for $5,900. They paid $500 cash of which appellee contributed $300 and appellant $200, the balance being financed through a local lending institution to which the property was mortgaged. The deed was made in their joint names with the rights of survivorship.

Apparently they lived a normal married life for sometime and reared their children on his salary supplemented by some money earned by her.

In April, 1932, there was a balance of $2000 due on the mortgage. Appellee's mother agreed that she would pay the balance of the debt if the appellant would convey his interest in the property to appellee. This was agreed to and done by the parties.

On January 25, 1945, the parties separated. On March 13, 1945, the property was sold for $6000, the consideration being paid to Mrs. Johns. The deed of conveyance was executed by both Mr. and Mrs. Johns. In June, 1945, Mrs. Johns procured a divorce; they remarried in June, 1946, and separated again in July, 1949. She was 53 years of age and he was 56 at the time of their final separation.

Under Section 425 of the Civil Code of Practice it is the duty of the chancellor, in rendering a judgment of divorce, to enter an order restoring any property not disposed of at the commencement of the action, which either party may have obtained directly or indirectly from or through the other during marriage, in consideration or by reason thereof, and it is provided that any property so obtained without valuable

consideration shall be deemed to have been obtained by reason of marriage.

 We think the chancellor correctly held that a restoration of the money received by appellee from the sale of the property in question is not required under this code provision for the reason that appellee acquired appellant's interest in the property in 1932 through her mother, who purchased it for appellee for $2000. It would be frivolous to claim that the payment of $2000 for appellant's interest in this property in 1932 was not a valuable consideration.

Moreover, appellee sold this property in March, 1946, which was prior to their first divorce, and at a time the parties were estranged. We observe that appellant joined appellee in executing this deed. Also, we take notice of the fact that when the parties were divorced in June, 1945, appellant did not seek a restoration of the proceeds which appellee had received from the sale of this property.

Thus, it is clear that under these circumstances the property which appellant seeks to have restored to him had been disposed of prior to the commencement of the present action and was not subject to restoration.

Ordinarily, when the wife is granted a divorce and does not have a sufficient estate of her own, the allowance of alimony follows as a matter of right. Wheeler v. Wheeler, Ky., 238 S.W.2d 1001; Fields v. Fields, 303 Ky. 624, 198 S.W.2d 298.

In this case we are confronted with the difficult problem of determining whether or not the allowance of $1000 as lump sum alimony is equitable under the circumstances disclosed herein.

The evidence shows that appellee has some property of her own. Appellant has no estate and claims to be in poor health. To a large extent the fruits of his labor have been consumed by his wife and family. His present salary is meager and his earning capacity is very limited. Under these facts we think the learned chancellor abused his discretion in making an allowance of lump sum alimony.

For the reasons stated the judgment insofar as it granted appellee lump sum alimony is reversed. In all other respects the judgment is affirmed.