**Harriet Gabbard GOETZ, Appellant,**

v.

**Wesley F. GOETZ, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

Donald W. Ziglar, Newport, Calvin Prem, Cincinnati, Ohio, for appellant.

James Cobb, Jr., Covington, for appellee.

CLAY, Commissioner.

In this suit an absolute divorce was granted to both the husband and wife. The wife was awarded the custody of their

two year old child and the husband was ordered to pay $20 a week for his support. No alimony was allowed. The wife appeals.

■■ The wife contends the Chancellor did not have jurisdiction because the parties did not reside in Kentucky. There was ample proof of this jurisdictional fact. She also contends that we should reverse the judgment of divorce because both parties were granted this same relief. We are doubtful of the propriety of such a judgment. However, KRS 21.060(b) specifically denies the right of appeal from that portion of a judgment granting a divorce. Consequently we may not reverse that part of it. The only issue of substance on this appeal is whether or not the Chancellor should have allowed the wife alimony.

The parties were married in June 1957. Both had been married before and divorced. The wife had two young children by her former marriage and the husband had an adopted son seven years of age. This adopted son, who apparently has an incurable ailment, played a tragic role in the breakup of the new marriage.

The parties moved to a nice home at Ryland Lakes Country Club in Kenton County. Trouble started within three weeks after the marriage when some difficulties arose with respect to taking care of the husband's adopted son. (Custody had been awarded to the former wife but the husband was allowed to have him for weekends.)

The husband worked in Cincinnati and usually did not get home until late at night. This imposed on the wife the difficult duty of readjusting herself to the family relationships of the three children without much help from the husband. The adopted child was a problem and caused the first serious quarrel. The parties soon became estranged in their own home.

The following year a child was born to them and it appeared for a short space of time that this event would restore harmony. It did not. The husband made up his mind there was no future in the marriage and it fell apart.

The wife was not free from fault. She had many difficult problems but failed to face them with a practical patience. Her actions and her reactions were sometimes erratic.

However, on this record the far greater fault appears to lie with the husband. There is no doubt of his mental cruelty. He accused his wife of going insane. He ordered her out of the house. He refused to have sexual relations with her. He advised her to seek other men, and he sought his own pleasures elsewhere. At the time of her pregnancy he appeared callous to her condition. He refused his help when it was apparent she needed help.

■ The form of the Chancellor's judgment indicates he found both parties at fault. However, we have held that if the wife is not "wholly at fault" (and is not guilty of moral delinquency), she may be awarded alimony even though the divorce is granted to the husband. Coleman v. Coleman, Ky., 269 S.W.2d 730, 738; Cawood v. Cawood, Ky., 329 S.W.2d 567. On the other hand, the Chancellor did grant the wife a divorce and under such circumstances the allowance of alimony ordinarily follows as a matter of right. Johns v. Johns, Ky., 252 S.W.2d 697. It is apparent from our cases that the comparative fault of the parties is one of the major considerations in determining the right to and the amount of alimony. See Scalf v. Scalf, Ky., 312 S.W.2d 467.

■ On this record we are convinced that the greater fault lies with the husband, that because of the parties' infant child (now in the custody of the mother) she will find it difficult to support herself, and she has no estate. The husband has sufficient property and income to enable him to contribute a reasonable amount for her support and maintenance. Under all the circumstances it is our opinion that the wife

should have been allowed alimony in the amount of $20 a week.

The judgment is reversed to the extent it denies appellant alimony, with directions to enter a supplemental judgment ordering appellee to pay appellant $20 a week alimony.