Mary Ellen **HINTON**, Appellant,

v.

Paul J. **HINTON**, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1964.

Rehearing Denied May 15, 1964.

Donan & Vick, Wm. P. Donan, Greenville, for appellant.

Woodwood, Bartlett & McCarroll, Clarence Bartlett, Owensboro, for appellee.

DAVIS, Commissioner.

In this divorce action the trial court refused the wife's prayer for divorce; awarded divorce to the husband on his counterclaim; denied maintenance and alimony to the wife; and awarded the husband custody of the three daughters of the parties.

The wife attacks the judgment in four particulars: (1) it was error to refuse her prayer for divorce, (2) it was error to grant the husband a divorce, (3) the custody of the three children should have been awarded to her, and (4) she should have been allowed alimony.

The parties were married in 1951 and are the parents of three girls, respectively aged 10, 7 and 4 at the time suit was filed. Neither of them was possessed of property at the time of the marriage. Each has worked during the marriage; the husband has been steadily employed in various capacities by a mining company. His annual income from that employment has exceeded $8,000.00 slightly in the past two or three years. The wife also has been employed gainfully during the marriage. Her terms of employment were not continuous, of course, as she was required to take leave of her work incident to the births of the three children. They jointly own a residence and an undivided half of a farm.

No useful purpose would be served by detailed recitation of the evidence. It suffices to note that proof in behalf of the wife fails to sustain her charge of cruel and inhuman treatment of her by the husband. Proof adduced by the husband indicates no overt act of the wife in violation of marriage vows. At best, it may be said that the wife subjected herself to the ever fervid activities of rumormongers because of her daily travels to and from her employment at Paradise, Kentucky, with a male fellow employee. There was no evidence of any clandestine nocturnal meetings of the wife and this fellow traveler. The husband frankly testified that he did not consider the wife an immoral person.

After completion of the testimony in the case, the husband filed an amended answer and counterclaim for divorce wherein he charged the wife with lewd and lascivious conduct. See KRS 403.020(4)(c). The chancellor concluded that the charge was sustained by the evidence. We are unable to agree with that finding. We have held that an unfounded and unsustained charge of lewd and lascivious conduct against the wife amounts to cruel and inhuman treatment sufficient to support a divorce, and in such event the wife is entitled to alimony. Compare Clay v. Clay, Ky., 334 S.W.2d 909, and the cases discussed there. Such a charge is said to be unfounded if it is not supported by sufficient evidence to imply good faith. Clay v. Clay, supra. The nature of the charge is such that it must not be lightly made. In our view the finding of the chancellor was clearly erroneous within the meaning of CR 52.01. It follows that the wife should have been granted a divorce. Cf. Clay v. Clay, supra, and the cases therein cited.

By the terms of KRS 21.060(b) we are precluded from entertaining an appeal looking toward reversal of that portion of the judgment granting divorce to the husband. Goetz v. Goetz, Ky., 341 S.W.2d 249. Nevertheless, we may adjudge the matters of custody, alimony and maintenance. Cf. Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804.

The parties concede the fundamental rule that the welfare of the children is the prime consideration in determining custody matters. 7A Ky.Digest, Divorce, It is equally well settled that without evidence of unfitness of the mother, she should have custody of minor children. See Donoho v. Donoho, Ky., 357 S.W.2d 665, and the authorities discussed there.

The basis for awarding custody of minor children to the mother rests in the accepted premise that to do so best serves the welfare of the children. There is no reasonable basis for deviation from the usual practice in this case. No moral delinquency of the mother is demonstrated. She qualifies, even by the testimony heard from the husband's witnesses, as a fit and proper person to have the custody of the children. She should have it; the chancellor's contrary judgment is clearly erroneous and is reversed. Proper visitation right shall be permitted to the husband.

Granting custody to the wife presents the question of proper maintenance allowance for support. Based upon the record before us, we conclude that the chancellor shall allow to the wife the sum of $150.00 per month as maintenance if she is permitted to have possession of the jointly owned residence of the parties as a home for the children; if the use of the residence is not made available for that purpose, then the maintenance allowance shall be $200.00 per month. Such maintenance allowance, of course, shall be subject to appropriate review in light of conditions that may arise hereafter. KRS 403.070.

From what we have said, it is apparent that the trial court was in error in denying alimony to the wife. We refrain from undertaking final adjudication of the alimony item, as we believe this question should be determined in light of whatever situation may presently exist as distinguished from the somewhat sketchy factual background now before us. The chancellor will afford opportunity to the parties to adduce evidence in detail in order to fully reveal the reasonable value of the husband's estate. After such a determination, a permanent alimony award to the wife in a sum equal to one-third of the value of the estate of the husband should be made. Court costs, including reasonable fee for the wife's attorney, should be allowed to the wife. KRS 453.120.

The judgment is reversed to the extent that it awards custody of the children to appellee, and to the extent that it denies maintenance allowance, alimony and costs to the appellant; the trial court is directed to enter judgment consistent with this opinion.

MONTGOMERY, J., dissenting.