**Howard McDOWELL, Appellant,**

**v.**

**Hildegarde McDOWELL, Appellee.**

Court of Appeals of Kentucky.

May 8, 1964.

E. R. Gregory, Bowling Green, Roy Steers, Franklin, for appellant.

Paul Huddleston, Bowling Green, for appellee.

DAVIS, Commissioner.

In this divorce action the Simpson Circuit Court granted appellee Hildegarde McDowell absolute divorce, $1,000 lump sum alimony, monthly payments of $75 for five years as alimony, maintenance payments of $75 per month for the use and benefit of Barbara Klein [1]—stepdaughter of the husband—and fixed an allowance of $500 to the wife's attorney. The divorce judgment further provides that for five years the appellee wife is to have unrestricted occupancy and use of the house and lot, household furniture, furnishings, and appliances in the husband's residence at Franklin. The judgment imposes upon husband the duty to provide all necessary maintenance and repairs for the residence, and specifies his continued liability for the taxes thereon.

The husband presents these contentions: (1) Evidence was insufficient to sustain divorce award to the wife; (2) there is no legal responsibility upon the husband to provide maintenance for the wife's child by former marriage; (3) the allowance for child support, if permissible, is excessive; (4) the alimony award to the wife was excessive, and (5) the allowance of $500 to the wife's attorney was excessive.

These litigants were married May 5, 1961. Each had had previous matrimonial ventures—the wife having been married twice before, the husband once. The wife had one child by a former marriage; the husband had nine children by his first marriage. The wife had caused publication of an advertisement, featuring a picture of her 12-year-old daughter, Barbara, in which her desire to marry an American was made manifest. At that time, the wife and her daughter were natives and residents of Germany. The appellant was attracted by the advertisement and corresponded with appellee. Very shortly thereafter, appellant journeyed to Germany, and promptly the marriage was agreed upon.

It appears, as noted by the trial court in a memorandum opinion, that the couple enjoyed not more than thirty days of happiness after the marriage. Whether their difficulties stemmed from cultural and language differences, or from the fact that their union was founded on too short acquaintance, is not determinable.

At any rate, this unhappy couple began bickering and quarreling, and this culminated in the husband's refusal to share the marital bed with the wife. He accused her of indiscretions with a German-born neighbor; he charged her with being extravagant and with having a nagging disposition. The wife denied these assertions, and countered with charges of her husband's abuse of her and his unexplained absences from home. The chancellor resolved the factual issue in favor of the wife; his decision is supported by competent evidence and is certainly not clearly erroneous. CR 52.01. We find no merit in the contention that the evidence was insufficient to sustain the divorce in favor of the wife; thus, she is entitled to alimony. Goetz v. Goetz, Ky., 341 S.W.2d 249; Rayburn v. Rayburn, 300 Ky. 209, 187 S.W.2d 804.

We agree, however, that the judgment of the circuit court is erroneous to the extent that it imposes liability upon the appellant to provide support for Barbara Klein. It is the general rule that no legal duty rests upon a foster parent to support a stepchild upon divorce of the foster parent from the parent of the stepchild. 27B C.J. S. Divorce, § 319(2) and § 321(2); 39 Am. Jur., Parent and Child, § 62; Rogers v. Rogers, 202 Ga. 329, 43 S.E.2d 152. Nothing in Brummitt v. Commonwealth, Ky., 357 S.W.2d 37, may be said to militate against the general rule. Our decision here does not touch upon the responsibility of appellant to provide support for Barbara during the time he had accepted her into the home and assumed responsibility for her as *in*

---

1. Payments for Barbara Klein to cease when she marries or attains age 21.

*loco parentis.* We hold, however, that there is no legal duty here for him to furnish support for Barbara subsequent to the divorce. This conclusion makes it unnecessary to examine whether the allowance for child support is excessive.

 We have not been furnished any brief in behalf of appellee. We would be authorized to treat this failure to file brief as confession of error and reverse the judgment. RCA 1.260. However, in view of the nature of the case, we have carefully examined the record, and find that the alimony allowance in behalf of the wife is excessive in light of the small estate of the husband and the short duration of the marriage of these parties. In view of the limited means of the appellant, and in order to afford expeditious termination of this litigation, we have reviewed the alimony allowance, and direct that it be modified to provide as follows: The appellant shall pay as alimony to the appellee the sum of $100 per month so long as she lives and remains single, but in no event to exceed five years. The appellee wife shall vacate the residence of appellant within a reasonable time, not to exceed sixty days from the date of the mandate herein. A lien against appellant's residence shall be preserved to secure the alimony. In making these adjustments of alimony payments we have taken into consideration the effect of payments heretofore made, and it is our judgment that no refund be made for any prior payments, whether as alimony or maintenance payments. However, all monthly payments which shall have been made when the mandate issues herein shall be counted toward the total of sixty maximum monthly payments.

The matter of allowance of fee to the wife's attorney is not properly before us. The judgment below makes specific allowance of the fee to attorney Paul R. Huddleston. No step was taken to make the attorney a party to this appeal; under these circumstances the matter may not be reviewed. Wilcox v. Wilcox, Ky., 266 S.W.2d 96; Rose v. Rose, 302 Ky. 658, 195 S.W.2d 269.

The judgment is reversed for entry of judgment consistent with this opinion.