**Kitty Stratton LYEN et al., Appellants,**

**v.**

**Ben S. LYEN, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

William E. Johnson, Johnson & Burton, Frankfort, for appellants.

Ollie J. Bowen, Lawrenceburg, for appellee.

WADDILL, Commissioner.

This is an appeal from so much of a judgment as orders appellee, Ben Lyen, to pay $100 per month child support, directs appellant, Mrs. Lyen, to restore certain real estate to Ben, awards her lump sum alimony of $6,000 and grants a fee of $850 to her attorneys who are also appellants.

The parties were married in 1945. At that time Ben owned two pieces of property; one was thereafter used as their residence and the other was traded for a half interest in a hardware store. In January of 1958 Ben deeded Mrs. Lyen their residence and a piece of business property he had acquired. He testified he did this to give her "security." At about the same time he purchased the remaining half of the hardware business.

During 1959 he purchased additional business property for $20,000. Later that year Ben began to have financial difficulties and Mrs. Lyen's father refinanced this property and Ben executed notes and mortgages as security. In 1965 her father made available $5,000 which was used to pay bills of the hardware business. At this time Ben deeded the property acquired in 1959 to Mrs. Lyen at her father's request. In 1965 Ben's excessive drinking and his failure to properly attend to his business and social affairs caused a breakup of their marriage and the subsequent institution of this divorce action.

The chancellor granted an absolute divorce to Mrs. Lyen and awarded her custody of their daughter Linda and $100 per month for her support. While Mrs. Lyen insists this sum is inadequate no reason is advanced for this assertion and we will not consider it nor disturb this award.

The chancellor ordered Mrs. Lyen to restore to Ben the three pieces of property he had deeded her during their marriage. KRS 403.060. She contends this was error because these transfers were supported by valuable consideration. With reference to the 1958 transfer, the fact that Ben deeded this property to her to make her feel secure was not for a valuable consideration within the meaning of KRS 403.065. See Ball v. Ball, Ky., 317 S.W.2d 870. Similarly, the 1965 transfer of property at the time Mrs. Lyen's father loaned Ben $5,000 for payment of debts is not supported by valuable consideration. The case of Johns v. Johns, Ky., 252 S.W.2d 697, relied upon by appellant, is distinguishable since there the wife's mother agreed to pay off a mortgage on property in return for a conveyance of the property to her daughter. This constituted valuable consideration for the transfer of that property but in the instant case the $5,000 loan had nothing at all to do with Ben's deeding the property in question to his wife. Hence the chancellor properly restored these three properties to Ben.

The chancellor determined Ben's gross worth to be $128,000 and his liabilities to total $115,000 making his net worth $13,000. Upon these findings he awarded Mrs. Lyen $6,000 lump sum alimony. Although these findings are not attacked as being erroneous it is contended she is entitled to a greater lump sum alimony and also to an allowance of periodic alimony.

An award of alimony will not be disturbed unless it is clearly the result of an abuse of discretion. Ballard v. Ballard, Ky., 411 S.W.2d 330. We perceive no reason to disturb the chancellor's discretion in awarding alimony in a lump sum (Yung v. Yung, 294 Ky. 369, 171 S.W.2d 1017) and in an amount in excess of one-third of Ben's net worth. Heustis v. Heustis, Ky., 381 S. W.2d 533.

While it appears that Mrs. Lyen was ably represented in this action we are unwilling to hold that $850, as a fee for her attorneys, is so inadequate as to constitute an abuse of discretion.

The judgment is affirmed.

All concur.