**Ingrid Anger SULLIVAN et al., Appellants,**

v.

**James LEVIN, Intervenor, Appellee.**

Supreme Court of Kentucky.

July 1, 1977.

Rehearing Denied Oct. 7, 1977.

See also, Ky., 555 S.W.2d 263.

G. Murray Turner, Louisville, for appellants.

James Levin, pro se, Levin & Yussman, Louisville, for appellee.

PALMORE, Justice.

The appellants, Ingrid and John P. Sullivan, were the parties to a divorce action which was brought by Mrs. Sullivan in June of 1974 and culminated in a dismissal at the instance of both parties on January 24, 1975. They appeal from an order awarding a fee of $6250 to Mrs. Sullivan's attorney, James Levin, against the Sullivans jointly and severally.

The case began and continued for some six months with great bitterness and turmoil between the husband and wife. It ended on a note of sweetness and light between the Sullivans and acrimony on their part toward her lawyer. Upon learning that there had been a reconciliation and that his client wished to dismiss her action Mr. Levin moved for and received permission by the trial court to file an intervening petition against both of the Sullivans demanding a fee of $10,000 for his costs and professional services in behalf of Mrs. Sullivan.

The intervening petition was later supported by Mr. Levin's affidavit estimating that he had spent 136 hours on the case and had suffered much abuse and emotional trauma in the process. The Sullivans were allowed one week in which to file a counter-affidavit. Meanwhile, they secured another lawyer. No counteraffidavit having been timely filed, the trial court entered an order reciting that it was "familiar with all of the ramifications of the case" and awarding Mr. Levin $6250, including fee and any costs incurred by him. Some days later the Sullivans filed a counteraffidavit and their counsel's affidavit to the effect that the untimeliness of their response had resulted from inadvertence and excusable neglect. They moved that the order allowing $6250 to Mr. Levin be set aside. After a non-evidentiary hearing the motion was denied.

There was never at any time a hearing relating to the financial resources of the Sullivans, nor is there any evidence in the record from which an assessment of such resources could have been made.

■ The Sullivans devote considerable argument to the proposition that an intervening petition,[1] particularly against one's own client, is not an appropriate procedural method for recovering an attorney's fee. That certainly is true. Nonetheless, we agree with Mr. Levin's contention that the trial court was authorized to treat it as a motion, so we need not dissipate any further time on the procedural aspect of the argument.

The only statutory provision for the allowance of an attorney fee by the court in a divorce proceeding is KRS 403.220, which was taken verbatim from § 313 of the Uniform Marriage and Divorce Act[2] and reads as follows:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this Act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

The official comment following this section of the Uniform Laws explains that its purpose "is to authorize the payment of costs and a reasonable fee by one party to the other party's attorney if the court, after considering the financial resources available to both parties, determines the order to be necessary. The section extends authority to make several orders for costs and fees at different stages of the proceedings, and permits an attorney to enforce the order directly."

1. CR 24.

2. 9 U.L.A. 497.

"The provision . . . which sanctions the assessment of attorney's fees was intended to equalize the status of the parties to the dissolution proceeding. . . . the dissolution of marriage statute, in an effort to eliminate the inequities resulting from the termination of the relationship, provides for attorney's fees . . . when the relative status of the parties involved indicates the need of such." *In re Marriage of Franks*, Colo., 542 P.2d 845, 851–852 (1975).

 It is readily apparent that the authority of the court to order the payment of an attorney's fee in a divorce action does not exist for the protection of the attorney, but is strictly for the benefit of the client. So far as we are advised, the power of a court in such a proceeding to fix the fee payable by one of the parties to his own attorney has never been authenticated in this jurisdiction, and it is not conferred by KRS 403.220. To the extent, therefore, that the allowance in this case was assessed against both of the Sullivans it was clearly outside the scope of the litigation and thus beyond the trial court's jurisdiction of the subject-matter.

With regard to the husband, who was the party against whom the trial court was empowered to assess all or any part of the fee payable by the wife, it was an error to attempt such an allowance without any evidence from which it could be determined that there was a need for it. In other words, the allowance is authorized by the statute only when it is supported by an imbalance in the financial resources of the respective parties.

The award against Sullivan was erroneous on a second and more fundamental ground as well. A lawyer's duty to represent the interests and wishes of his client comes ahead of his entitlement to a fee. In the course of that representation he should not do, and in fact is not authorized to do, anything his client would not have him do. A court must assume, of course, that when a lawyer purports to act for a client he has the client's authority, but when it is brought to the court's attention by the client, or by another counsel retained by the client, that the attorney is asking the court to do something the client does not want done, then simple common sense dictates that the court should not thereafter let it happen. Yet that is precisely what took place in this case. The moment Mrs. Sullivan indicated her resistance to the motion made by Mr. Levin it should have been denied. We reiterate, the right to have a fee assessed against the other party belongs exclusively to the client. It is not a choice that may be exercised by counsel himself.

The judgment is reversed with directions that the motion be denied.

All concur except JONES, J., who did not sit.