**Juanita June BISHIR and William J. Britt, Esquire, Movants,**

**v.**

**Donald Eugene BISHIR, Respondent.**

Supreme Court of Kentucky.

Oct. 31, 1985.

William J. Britt, Louisville, for movants.

Robert S. Silverthorn, Jr., Nutt & Mayer, Louisville, for respondent.

## OPINION OF THE COURT

We granted discretionary review in this case to consider the effect of the Act of Congress of 1982 giving courts the right to consider military retirement pay as marital property. We have examined the briefs and the record and have heard oral argument. It is our considered judgment that the opinion of the Court of Appeals by Judge Wilhoit portrays the law of the case:

The opinion states:

"This is an appeal from an order of the Jefferson Circuit Court directing the appellant to pay to the appellee one-half of the military retirement pay that he receives each month and to pay her attorney a fee of $500.00.

"The marriage of the appellant, Donald Eugene Bishir, and the appellee, Juanita June Bishir, was dissolved by decree of the Jefferson Circuit Court entered on July 7, 1981. The decree incorporated by reference a property settlement and support agreement which the parties had signed on May 27, 1981. The agreement provided, among other things, that the appellant should pay the appellee $200.00 per month for the support of their seventeen-year-old child and that the appellant would transfer his interest in the parties' residence to the appellee as 'lump sum maintenance' in return for which 'she specifically waive[d] any other claims of maintenance she may have.' The agreement further provided for the disposition of other marital property and assigned which of the marital debts were to be paid by each of the parties. Each of the parties was to receive all funds in his or her checking, savings, and credit union accounts, the amounts of which do not appear in the record. The agreement set out that in consideration for it the parties agreed that 'as there is no other property to be divided,' the agreement 'shall forever settle any and all differences that have arisen or may arise in the future concerning the property rights of the parties hereto.' No mention was made of retirement pay.

"On April 25, 1983, the appellee filed a motion in the trial court requesting that court, 'pursuant to CR 60.02, to make an equitable division of the property not disposed of in the original divorce decree.' In support of this motion the appellee filed her affidavit stating that at the time that the divorce decree was entered, the appellant was entitled to military retirement pay which had been earned and vested during their marriage. She stated that at the time of the decree Kentucky courts 'were unwilling and unable to decide military retirement pay as marital property,' but that since that time the Congress had enacted the Uniformed Services Former Spouses Protection Act, 10 U.S.C. § 1408 et seq.,

which gave her an interest in the appellant's retirement pay and made such interest applicable to divorce decrees entered on or after June 26, 1981.

"After an evidentiary hearing on the motion, the court found that at the time that the property settlement between the parties had been made, the appellee was not represented by counsel as she had previously dismissed her counsel, and that she believed and was advised by the appellant's counsel that it was not possible to reach the appellant's military retirement pay of $700.00 per month in any part so the retirement pay was not taken into consideration for any purpose in the agreement. It found that at the time of the agreement the appellant was employed, while the appellee was not, and that the appellee was now working as a part-time waitress, while the appellant was 'gainfully employed' and continuing to receive his military retirement pay. The court also found that when the agreement was made, the parties' residence had a net value of $1,000.00 over the mortgage debt owed on it, which was to be paid by the appellee. No other finding was made as to the complete financial resources of the parties either at the time of the original decree or later. The record does not disclose what that might be.

"The court concluded that it had jurisdiction to reopen its original decree under KRS 403.250(1), CR 60.02(f), and the Uniformed Services Former Spouses Protection Act; that the appellee had received inadequate consideration for her waiver of maintenance; and that the subsequent enactment of the Act coupled with the appellee's belief at the time of the execution of the agreement as to the status of the appellant's retirement pay demonstrated a reason of extraordinary nature justifying relief from the decree. The court then entered the order appealed from. It did not indicate whether the award to the appellee was as maintenance or as a division of marital property.

"The appellant contends that the circuit court was not authorized to grant the relief which it did because neither state or federal statute nor CR 60.02(f) authorized modification of the original decree as was done by that court.

"The Uniformed Services Former Spouses Protection Act permits military retirement pay which is payable after June 25, 1981, to be treated as marital property in accordance with state law. Its effect was to reverse by legislation the contrary holding of the United States Supreme Court in *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). This Act did not become effective until February 1, 1983, over a year and a half after the decree here became final. The language of the Act does not appear to compel the opening of any final decree disposing of marital property apart from whatever might be the requirements of the various state jurisdictions for opening a decree. The Act has nothing to do with maintenance payments, nor did it need to because since 1975 'all federal benefits, including those payable to members of the Armed Services, may be subject to legal process to enforce child support or alimony obligations. Pub.L. 93–647 § 101(1), 88 Stat. 2357, 42 U.S.C. § 659.' *McCarty,* 453 U.S. at 230, 101 S.Ct. at 2740.

"KRS 403.250(1) deals with the modification or termination of the provisions of a 'decree respecting maintenance or support.' The original decree in this case, to the extent that it gave the appellee any maintenance at all, awarded her 'lump sum maintenance.' Such an award is not subject to modification under the provisions of KRS 403.250. *See Dame v. Dame,* Ky., 628 S.W.2d 625 (1982).

"The appellee made no claim nor was there any finding that she acted under the influence of fraud, bad faith, or disability in agreeing to forgo maintenance. The record does not indicate why she discharged her attorney or why she chose to rely on the advice of the appellant's attorney. Absent fraud or bad faith, reliance upon advice, even bad advice, is not normally grounds for opening a final judgment. *Hoover v. Dudley,* 228 Ky. 110, 14 S.W.2d 410 (1929); *Mouser v. Harmon,* 96 Ky. 591,

29 S.W. 448 (1895). No doubt appellee's own counsel, had she not discharged him, would have shielded her from such advice. The mere fact that of her own volition the appellee may have made a bad bargain by accepting the residence in lieu of periodic maintenance would not constitute 'any other reason of an extraordinary nature' justifying an award of periodic maintenance so long after the decree had become final. CR 60.02(f). Consideration to support an agreement will not be deemed to be inadequate merely because the agreement operates to the disadvantage of one of the parties. Mutual promises themselves form a valuable consideration for an agreement where there is benefit to the promisor or detriment to the promisee. *See Campbell v. Campbell,* Ky., 377 S.W.2d 93 (1964); *Peterson v. Peterson,* Ky.App., 583 S.W.2d 707 (1979). The court made very sparse findings concerning the respective financial conditions of the parties, and the record reveals but little. Neither the findings of the court nor the record before us establishes a basis for making a belated award of periodic maintenance under CR 60.02(f).

"Since the Uniformed Services Former Spouses Protection Act does not itself compel the opening of a final decree, we must look to our own law to determine whether the circuit court could have made an award of marital property in response to the appellee's motion. KRS 403.250(1) prohibits the revocation or modification of the property disposition provisions of a decree 'unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.' No such findings were made here.

"At the time that the agreement and final decree were made, the case law in this jurisdiction held that military retirement pay because of federal legislation could not be treated as marital property. *See Russell v. Russell,* Ky.App., 605 S.W.2d 33 (1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). This view was later confirmed by the United States Supreme Court in *McCarty v. McCarty, supra.* Thus, under existing law the appellant's retirement pay was not subject to

treatment as marital property. To the extent that the appellee may have believed her husband's retirement pay was not marital property, that belief was quite correct. We do not consider that this correct belief coupled with an eighteen-month-later change in the law comes close to presenting 'any other reason of an extraordinary nature justifying relief' under CR 60.02(f).

"The strong and sensible policy of the law in favor of the finality of judgments has historically been overcome only in the presence of the most compelling equities. Relief under CR 60.02(f) is available where a clear showing of extraordinary and compelling equities is made. It may be that there are such equities weighing on the side of the appellee. The findings of the circuit court and the record before us simply do not establish them. The financial condition of the parties would seem to be rather important weights to place in the balance, yet this record shows very little concerning this. In fact, as far as the record shows, the appellee may well have foregone periodic maintenance because she was not statutorily qualified to obtain it. We doubt that, but our doubt is no more than a hunch. We cannot sustain relief under CR 60.02(f) based upon our hunches.

"The appellant also complains that the circuit court abused its discretion in requiring him to pay the appellee's attorney's fee for the post-judgment proceedings. KRS 403.220 permits a court to order a party to pay the adverse party's attorney's fees 'after considering the financial resources of both parties.' Such an order is appropriate 'only when it is supported by an imbalance in the financial resources of the respective parties.' *Sullivan v. Levin,* Ky., 555 S.W.2d 261, 263 (1977). There must be some evidence to show this imbalance. *Id.* While we are convinced that the findings of the court or the record before us do not justify relief under the demanding standards of CR 60.02(f), we believe there were sufficient findings to support the award of attorney's fee.

■ "The order of the circuit court is reversed as to the award to the appellee of a portion of the appellant's military retirement pay and is affirmed as to the award of attorney's fee."

The decision of the Court of Appeals is affirmed.

All concur.