**Julie Ann HALE and Richard W. Born, Esq., Movants,**

v.

**Ernest Lee HALE, Respondent.**

**No. 88–SC–00515–DG.**

Supreme Court of Kentucky.

June 29, 1989.

Richard W. Born, Sheehan, Barnett & Hays, PSC, Danville, for Movants, Julie Ann Hale and Richard W. Born.

Harry Rankin, Northern Kentucky Bar Ass'n Covington, for Northern Kentucky Bar Ass'n amicus curiae.

Alice C. Kinkead, Fayette County Bar Ass'n, Pro Bono Program, Inc., Leslie Patterson Vose, Lexington, for Fayette County Bar Ass'n Pro Bono Program Amicus Curiae.

Ephraim Woods Helton, Helton & Helton, Danville, for respondent.

VANCE, Justice.

The question is whether, pursuant to K.R.S. 403.220, a trial court may award an attorney's fee to an attorney who represented the wife pro bono publico in a divorce action.

K.R.S. 403.220 provides:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."

It is stipulated that the wife, Julie Ann Hale, at all times relevant herein, was unemployed, received welfare assistance in the form of Aid For Dependent Children benefits for a minor child, resided at government owned or subsidized housing, and received food stamps and medicaid benefits.

Attorney Richard Born agreed to represent her without charge in a divorce action and in a post-judgment proceeding for clarification of the judgment as it related to division of a small amount of personal property consisting largely of household furniture. On motion of attorney Born, the trial court allowed him an attorney fee pursuant to K.R.S. 403.220. It is stipulated that at all times a financial imbalance existed between Julie Hale and her husband Ernest Hale, and no objection is raised concerning the amount of the fee.

On appeal, the Court of Appeals held, as a matter of law, that K.R.S. 403.220 does not authorize the allowance of an attorney fee to counsel serving pro bono and reversed the orders of the trial court which

allowed the fee. We granted discretionary review.

The contention of the respondent is that K.R.S. 403.220 is solely for the benefit of the client and not the attorney; that its purpose is simply to permit recovery of a part or all of the expenses incurred in a divorce case by a party suffering from an unfavorable financial imbalance. Respondent contends that since the services were performed by attorney Born pro bono, the wife has not incurred any expense for attorney's fee, and consequently she is not entitled to recover any amount therefor.

Respondent relies upon *Sullivan v. Levin*, Ky., 555 S.W.2d 261 (1977), in which the parties in a divorce action had reconciled, and the court allowed the attorney for the wife a fee against the husband and wife jointly. This court reversed the allowance insofar as it went against the wife on the ground that the court did not have authority to allow an attorney in a divorce case a fee against his own client.

Further, this court reversed the allowance of the fee against the husband because the record did not indicate any financial imbalance in the positions of the parties as required by K.R.S. 403.220 for the allowance of a fee. In the opinion this court also said:

"It is readily apparent that the authority of the court to order the payment of an attorney's fee in a divorce action does not exist for the protection of the attorney, but is strictly for the benefit of the client.

. . . .

"We reiterate, the right to have a fee assessed against the other party belongs exclusively to the client. It is not a choice that may be exercised by counsel himself."

In *Sullivan v. Levin, supra,* the parties had reconciled, and the wife as well as the husband objected to the allowance of a fee to her attorney. In this case, there is no objection by the wife to the allowance of a fee against her former husband.

The original authority for the allowance of attorneys' fees in divorce cases was enacted by Chapter 49, § 17 of the Acts of the Kentucky General Assembly of 1891–93. It was continued in force until 1972, by codification as § 900 of the Kentucky statutes until it was renumbered as K.R.S. 453.120. It provided:

"In actions for alimony and divorce the husband shall pay the costs of each party unless it appears in the action that the wife is in fault and has ample estate to pay her costs."

Under this statute an attorney fee was allowed for the wife's attorney as part of the court costs. Sometimes this fee was allowed to the attorney for the wife by name and sometimes it was allowed to the wife to be taxed as costs.

This court has uniformly held that any question concerning the fee of counsel directed to be paid to counsel by name pursuant to K.R.S. 453.120 cannot be reviewed unless the attorney to whom the specific allowance was granted is made a party to the appeal. *McDowell v. McDowell,* Ky., 378 S.W.2d 814 (1964); *Flood v. Flood,* 302 Ky. 167, 194 S.W.2d 166 (1946).

In *Tyler v. Bryant,* Ky., 394 S.W.2d 454 (1965), an attorney's fee was not awarded to the attorney by name but was awarded to the wife and ordered to be included as an item of court costs. After recognizing a distinction between a fee allowed to an attorney by name and a fee allowed to the wife to be taxed as costs, this court held:

"We conclude the attorney should be made a party in either instance. Although the fee for the services performed was not adjudged to be paid directly to him; nevertheless, the award was made for his benefit, with the result that he is the real party in interest as regards the allowance.

"We therefore are adopting the rule in all future appeals to this Court wherein the fee is made to the wife instead of to the attorney, the latter will be deemed a necessary party."

*Id.* at 455.

It is apparent, then, that although the allowance of an attorney's fee was an element of costs under K.R.S. 453.120, the allowance to an attorney by name, or to the

wife to be taxed as cost, was an allowance for the benefit of the attorney, and he was the real party in interest in any contest of fee on appeal and was a necessary party to the appeal.

K.R.S. 453.120 was repealed in 1972, and in its place we now have K.R.S. 403.220, which provides for the payment by one party of the reasonable costs of the other party and for attorneys' fees. This statute does not include the allowance of an attorney's fee as an element of cost of the action, nor does it refer to the allowance of attorneys' fees as an allowance to one of the parties to the action. It specifically provides that the court may order that the amount allowed be paid directly to the attorney who may enforce the order in his name.

We think that representation of a client "pro bono" can fairly be said to be representation of the client without charge to the client. There are many instances, divorce cases being among them, in which the attorney for one party is entitled, under certain circumstances, to an allowance of a fee from the adverse party.

It seems to be settled that nonprofit and legal aid society attorneys who, as a matter of course, represent their indigent clients without fee are permitted, nevertheless, to recover a fee for their services from other sources when authorized by law. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The recovery of a fee in such cases goes to the treasury of the organization and allows it to expand its services to the needy.

We see no sufficient reason to deny the allowance of such fees to private attorneys. *See, Save Our Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516 (D.C.Cir.1988). The provision of legal services to the poor and indigent is to be encouraged as a matter of public policy. As a matter of economics most private attorneys can devote only a percentage of their time to needy persons without any prospect of remuneration. The allowance of fees in cases such as this will make it feasible for competent attorneys to represent, free of charge to their client, a needy or indigent person who

otherwise would find it difficult, if not impossible, to obtain representation in legal matters.

In our view, K.R.S. 403.220, which authorizes the court in certain divorce cases to order one party to pay a reasonable amount for attorney's fees of the other party, is broad enough to authorize the payment of a fee to an attorney who has accepted representation of an indigent client under an express agreement that he would not charge his client any fee for his services.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur.

LEIBSON, J., concurs by a separate concurring opinion in which STEPHENS, C.J., and GANT and LAMBERT, JJ., join.

LEIBSON, Justice, concurring.

To be internally consistent, this Opinion needs to address the problem created by *Sullivan v. Levin,* Ky., 555 S.W.2d 261 (1977). *Sullivan* holds that a lawyer retained by a financially disadvantaged spouse, who accepts representation in the expectation that his fee will be awarded under KRS 403.220, can no longer pursue this fee if the parties reconcile and drop the case.

The fundamental premise in *Sullivan* was that a lawyer's interest in obtaining a fee in a divorce action is only derivative, that it "does not exist for the protection of the attorney, but is strictly for the benefit of the client." *Id.* at 263.

It is this statement from *Sullivan* upon which the respondent/husband in the present case relied, and the Court of Appeals relied, when refusing a fee otherwise appropriate under KRS 403.220 to an attorney representing a wife "pro bono."

There is nothing in KRS 403.220 specifically addressing the status of a "pro bono" attorney. To the contrary, the statute is simply a statutory redefinement of the standard under which the trial court in a

divorce case may address the imbalance in "the financial resources" of the parties. The range of cases to which it applies covers the destitute and the indigent, and it also covers the spouse who is neither, but simply proportionally worse off. The threshold consideration is not whether the attorney's client can afford to pay any fee, but simply what equity requires "considering the financial resources of both parties."

The underlying problem is the same for the attorney representing the indigent pro bono and the attorney representing the spouse who is financially needy but not totally destitute. In both cases there is neither reason nor excuse for permitting the opposing spouse with the financial resources to pay to escape the liability which the statute imposes.

Here we hold there is no reason to disregard KRS 403.220 simply because services will be for free if the court awards no attorney's fee. Likewise, contrary to the holding in *Sullivan,* there is no reason for denying the attorney's fee simply because the parties have reconciled and the formerly financially disadvantaged spouse, who still cannot afford to pay her attorney unless the court awards a fee, no longer wishes to see the attorney paid.

The fallout from *Sullivan,* which should have been obvious from the outset, is that if the client and her spouse reconcile, and the divorce is dropped, the attorney for the indigent spouse is left unable to collect a fee under this statute, and has no other recourse. After reconciliation, the attorney's former client has no further interest in her former attorney obtaining a fee from the spouse with whom she is now reconciled.

This creates a conflict of interest for the attorney between his duty to his client to promote a reconciliation and his own financial interest which will be destroyed by the reconciliation. This conflict of interest defeats both the purpose of the statute and the best interest of the public.

The Opinion in the *Sullivan* case gives a second reason for denying the fee, a reason which bears no relation to the controlling statute and which will not withstand logical analysis: "A lawyer's duty to represent the interests and wishes of his client comes ahead of his entitlement to a fee." 555 S.W.2d at 263. This bell has a beautiful ring when tolled to announce the commencement of church services, but it is a clanging noise in the corridors of divorce court. It causes the financially disadvantaged spouse to be denied access to competent counsel who hesitate to accept employment knowing they will receive no fee in the event of reconciliation.

The decision in this case cuts the ground out from under *Sullivan v. Levin.* We overrule it.

STEPHENS, C.J., and GANT and LAMBERT, JJ., concurring.