RENDERED: MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0486-MR

TIMOTHY O'KEEFE                                                                   APPELLANT

v.      APPEAL FROM BULLITT CIRCUIT COURT
HONORABLE MONICA K. MEREDITH, JUDGE
ACTION NO. 20-CI-00627

ANGELA MARIE O'KEEFE                                                      APPELLEES

OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE: Timothy O'Keefe (Tim) appeals from the Findings of Fact,

Conclusions of Law, Judgment and Decree of Dissolution of the Bullitt Circuit

Court dissolving his marriage to Angela O'Keefe (Angela). On appeal, Tim raises

three issues: 1) the amount of funds assigned to Angela as non-marital property; 2)

the propriety of the maintenance award to Angela; and 3) the propriety of the

attorney's fee award to Angela. The Court having found reversible error in the trial court's failure to make required findings, we reverse and remand its judgment in this case.

Tim and Angela were married on October 23, 1999, in Jefferson County, Kentucky. At the time of their divorce, Angela was 47 years old and employed as a clerical assistant for the Bullitt County Public Schools. She also worked as a weekend bartender at a golf course. Although she was employed as a mortgage loan processor prior to the parties' marriage, during the marriage, she was out of the workforce, acting as a "stay at home" mom during the minority of the parties' two children. In addition, she has an associate degree in computer information systems and a certificate in medical billing. Tim was 55 years old and worked for the Kentucky Transportation Cabinet as a field technician. He also worked a second job as a basketball referee. He has no education beyond his high school diploma.

Prior to trial, Tim and Angela reached an agreement as to the distribution of automobiles, the (now adult) children's bank accounts and the division of credit card debt. On January 13, 2021, the matter came before the court for trial on the remaining issues. Further proceedings were conducted on March 24, 2021, as to the issue of Angela's attorney's fees.

**I.      DIVISION OF NON-MARITAL PROPERTY:**

The trial court found that Angela used the sum of $28,118.80 as the down payment for the parties' marital home, the balance of the $80,572.85 purchase price having been financed with a mortgage loan.  The Court further found that the parties have since refinanced the home numerous times.  However, no evidence was introduced regarding the fair market value of the property at the time of any of those transactions.  Although it was undisputed that Angela made the initial down payment from a non-marital source, the court held that the increase in value of that property was attributable to the joint efforts of the parties.  The court then concluded that the current value of the marital residence is $146,000.00 to be offset by the amount of the non-marital contribution and the sum of $1,250.00 in loan proceeds from Tim's 401(k) account taken after separation, leaving a mortgage balance of $77, 301.06 to be assumed by Angela.  The court found the amount of marital equity to be $39,330.14 and directed Angela to pay to Tim the sum of $19,665.07 as his share.

On appeal, Tim has argued that although Angela did indeed make the initial down payment using non-marital funds, she failed to introduce sufficient evidence tracing that contribution through the multiple refinancing transactions into the current equity in the home and therefore, the trial court erred in crediting

Angela with $28,118.80 as her non-marital contribution. Further, Tim argues that, of that initial non-marital contribution, the sum of $5,930.00 represents closing costs and therefore, pursuant to *Schoenbachler v. Minyard*, 110 S.W.3d 776 (Ky. 2003), does not increase the equity in the property and should not be used in calculating Angela's non-marital interest. As an initial matter, the Court notes that the HUD Settlement statement from the parties' closing on the property reflects a down payment of $22,188.30 and closing costs of $5,930.50. Therefore, based on *Schoenbacher*, *supra*, the Court concludes that the trial court erred in including the closing costs as a part of Angela's non-marital contribution.

The classification of inherited funds is a matter to be reviewed *de novo*. *Young v. Young*, 314 S.W.3d 306 (Ky. App. 2010). KRS[1] 403.190(3) contains a statutory presumption that property acquired during marriage is marital property. Therefore, the burden of proof of proving the non-marital nature of the property and then tracing the property into a marital asset lies with the party claiming the non-marital interest. *Kleet v. Kleet*, 264 S.W.3d 610 (Ky. App. 2007). However, in *Chenault v. Chenault*, 799 S.W.2d 575, 578-79 (Ky. 1990), the Kentucky Supreme Court retreated from "draconian requirements" for tracing, particularly as applied to "persons of lesser business skills or persons who are imprecise in their record-keeping abilities."

---

[1] Kentucky Revised Statutes.

The case of *Smith v. Smith*, 503 S.W.3d 178 (Ky. App. 2016), involved the tracing of non-marital property, a CD, into the purchase of the marital home. The *Smith* Court held that the trial court appropriately found that the testimony of Mrs. Smith, her mother, and Mr. Smith was sufficient to demonstrate the non-marital character of her contribution. However, Mr. Smith argued that his former wife was required to show the reason for the increase in value of the residence. The Court then concluded that Mrs. Smith had shown that the increase was due to additional marital contribution and "economic conditions," and found that there had been "no principal debt reduction made on the property." *Id.* at 184.

Here, as in *Smith*, *supra*, Angela has clearly demonstrated that the sum of $22,188.30 was a non-marital contribution to the purchase of the marital home. She testified as to the inheritance and tendered a copy of her mother's last will and testament. Indeed, Tim's counsel indicated that they did not intend to challenge Angela's inheritance. However, this Court cannot find that any evidence was presented to the trial court as to the reason for the increase in value of the property. Therefore, as there was no such proof connecting the non-marital contribution to the increase, this Court reverses and remands this portion of the trial court's judgment for a finding in that regard.

## II.    ALLOCATION OF MAINTENANCE:

As to the necessity for maintenance, the trial court found that both parties are middle aged and nearing the end of their earning years, Angela has been hampered in her earning ability by both her lack of education and her years out of the workforce.  Although the trial court concluded that the parties' financial positions had been "equalized" by the property disposition, it still found that Angela was entitled to spousal maintenance pursuant to KRS 403.200 in the amount of $500 per month for ten years.

On appeal, Tim argues that the trial court failed to make the findings required by KRS 403.200(1)(a) and (b).  These provisions require that, to make a maintenance award, the trial court must find that the recipient not only lacks enough property to meet his "reasonable needs" but is "unable to support himself through appropriate employment[.]"  While the trial court stated that its award was made "pursuant to KRS 403.200," it failed to make any findings as to Angela's "reasonable needs," before finding that "after receiving her portion of the marital estate in combination with the non-marital asset the [c]ourt has recognized should be awarded to her, the financial circumstances of the parties going forwarded [sic] are much more equalized."

As stated in *Wattenberger v. Wattenberger*, 577 S.W.3d 786, 787-88 (Ky. App. 2019), "the threshold conditions of KRS 403.200(1) must be met before

a circuit court can legally consider the factors enumerated in KRS 403.200(2)(a)-(f)." As such, this Court must vacate and remand the matter to enable the trial court to make the requisite findings.

Further, the trial court's Findings of Fact, Conclusions of Law, Judgment and Decree of Dissolution, does not reflect that it considered all the factors set forth in KRS 403.200(2)(a)-(f) regarding the amount and duration of maintenance. Not only must a court awarding maintenance consider the recipient's resources and needs, but her ability to obtain employment, the parties' standard of living, the length of the marriage, her age, physical and emotional condition, and the "ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." KRS 403.200(2)(f). However, since this Court concludes that because the trial court failed to meet the "threshold" for an award of maintenance, it need not reach a decision as to the propriety of the amount and length of the award.

## III.   ATTORNEY'S FEES:

Finally, the trial court awarded attorney's fees to Angela based on the fees each party anticipated paying for representation as well as the court's "personal knowledge" as to the costs of legal fees in the local community. On appeal, Tim argues that the trial court abused its discretion in making its award based on these considerations.

KRS 403.220 provides that an award of attorney's fees may be made "after considering the financial resources of both parties[.]" Such an award has been held to be entirely discretionary with the trial court. *Tucker v. Hill*, 763 S.W.2d 144 (Ky. App. 1988). In *Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018), the Court overruled *Sullivan v. Levin*, 555 S.W.2d 261 (Ky. 1977), *Hale v. Hale*, 772 S.W.2d 628 (Ky. 1989), *Bishir v. Bishir*, 698 S.W.2d 823 (Ky. 1985), and *Neidlinger v. Neidlinger*, 52 S.W.3d 513 (Ky. 2001), holding that a finding of financial imbalance is required. Instead, the *Smith* Court concluded that "[w]hile financial disparity is no longer a threshold requirement which must be met in order for a trial court to award attorney's fees, we note that the financial disparity is still a viable factor for trial courts to consider in following the statute and looking at the parties' total financial picture." 556 S.W.3d at 556. In this case, the trial court failed to consider "the parties' total financial picture," including Tim's post-judgment resources, and therefore, its judgment as to an award of attorney's fees is reversed and this matter is remanded for additional findings.

Accordingly, we reverse and remand the judgment of the Bullitt Circuit Court for the required findings.

ALL CONCUR.

BRIEFS FOR APPELLANT:   BRIEF FOR APPELLEE:

Kirk Hoskins      Allison S. Russell
Louisville, Kentucky     Shanna R. Ballinger
          Louisville, Kentucky