■ In the Matter of the Claim of JAMES M. MOLYNEUX, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 1, 1983. ¶ The employer contends that the board erred in finding that claimant did not voluntarily withdraw from the labor market when he retired. Claimant, employed as a tester for nearly 35 years, testified that, following a work-related injury to his back, he experienced severe pain after sitting or standing in one position too long and that he could do no lifting. Both claimant's physician and the employer's physician agreed that claimant was permanently partially disabled. Following the examination by its physician, the employer offered claimant sedentary work at reduced hours with no loss in pay. Claimant's physician was of the opinion that claimant might have been able to do the work. Claimant testified that he was told to accept the reduced hour job or retire and that he elected to retire because the commute to work entailed long rides on both the bus and the subway, which were always crowded, even during the hours required by the employer's job offer. Claimant explained that the pushing and shoving and inability to find a seat aggravated his condition, and the employer's physician conceded that claimant should avoid rush hour travel. The board obviously elected to credit claimant's testimony and, therefore, found that claimant's retirement was not motivated wholly by factors unrelated to his disability. Accordingly, the board's decision is supported by substantial evidence and must be affirmed (*Matter of Tober v Crescent Niagara Corp.*, 64 AD2d 741, mot for lv to app den 45 NY2d 711). ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.