■ In the Matter of the Claim of BENJAMIN FLETCHER, Respondent, v RAY WEIL CHEVROLET CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from an amended decision of the Workers' Compensation Board, filed July 25, 1985.

Claimant was disabled by occupational dermatitis, a severe skin irritation caused by an adverse reaction to grease and oil in his occupation as an auto mechanic. His condition was found to be compensable and he was paid benefits from 1959 until 1964. Although no further time was lost or compensation paid, claimant continued receiving medical treatment every 4 to 6 weeks and, in 1976, was classified "permanently partially disabled" due to his dermatitis. Claimant's case was never closed and in 1977 was "continued to termination of treatment which is to continue as needed". Hearings were held every year or two to assess his condition and possible lost time. At a 1982 hearing, claimant informed the Workers' Compensation Law Judge that he had retired six months previously because of his condition. At a subsequent hearing to determine whether claimant's retirement was causally related to his occupational dermatitis, the employer's workers' compensation carrier contended that any award was time barred by virtue of Workers' Compensation Law § 123. The Workers' Compensation Board ultimately found that such statute did not bar an award and that claimant's retirement was causally related to his permanent partial disability. The employer and carrier appeal.

Workers' Compensation Law § 123 provides, in pertinent part, as follows: "The power and jurisdiction of the board * * * shall be continuing * * * except that * * * [no] award of compensation or death benefits [shall] be made * * * against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury * * * and also a lapse of eight years from the date of the last payment of compensation." In the instant case, the Board's action came well beyond the 18- and 8-year

periods set forth in the statute. However, the Board concluded that the section only applies to closed cases. The instant claim was never closed. The employer and carrier contend that closed cases are governed by Workers' Compensation Law § 25-a (1), which contains a shorter Statute of Limitations, such that the Board's conclusion would render Workers' Compensation Law § 123 meaningless. We agree with the Board. Workers' Compensation Law § 25-a (1) is part of an article dealing with the liability relationship between the employer/carrier and the Special Fund, and is itself applicable to cases where liability is shifted from the employer/carrier to the Special Fund. Thus, it is logical to conclude that cases which are closed and where liability is not so shifted would fall under Workers' Compensation Law § 123. While that statute does not state that it is only applicable to closed cases, a memorandum in support of the legislation states that it applies where an application to reopen is made after the time periods involved (Memorandum of Industrial Commissioner, Governor's Bill Jacket, L 1940, ch 686). Since the statute appears to contemplate an application to reopen, it is obvious that it does not apply to cases which have not been closed.

Next, the employer and carrier argue that claimant's retirement was a voluntary withdrawal from the labor market such that he is not entitled to compensation. If claimant's occupational dermatitis contributed to his decision to retire, he would be entitled to benefits (see, Matter of Molyneux v New York Tel. Co., 101 AD2d 903; Matter of Tober v Crescent Niagara Corp., 64 AD2d 741, lv denied 45 NY2d 711). Claimant testified to the deteriorating condition of his skin due to exposure to grease and oil at his job. This testimony was fully supported by that of his treating physician. The employer and carrier offered no medical proof, but relied on testimony of witnesses to attempt to prove that claimant normally was not exposed to grease and oil in his job. However, on cross-examination, the witnesses could not declare that claimant would not be so exposed. The Board was free to credit claimant's proof (see, Matter of Hawthorne v Peartrees, Inc., 56 AD2d 961, affd 43 NY2d 683), and such proof provides substantial evidence to support the Board's decision.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.