No. 63,641

BOARD OF EDUCATION, U.S.D. NO. 352, GOODLAND, KANSAS, *Appellee*, v. NEA-GOODLAND, *Appellant.*

(785 P.2d 993)

Opinion filed January 19, 1990.

*David M. Schauner,* of Topeka, argued the cause, and *Wanda Van Pelt,* of Topeka, was with him on the brief for appellant.

*J. Ronald Vignery,* of Vignery & Mason, of Goodland, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: In this appeal we address: (1) the standard of review for teacher-board of education controversies arising under the Professional Negotiations Act, K.S.A. 72-5413 *et seq.;* and (2) whether teacher evaluation criteria are mandatorily negotiable under the Act.

A resolution of these issues requires us to engage in statutory construction. We seek the legislative intent within the interplay of K.S.A. 72-9001 *et seq.* and K.S.A. 72-5413(l).

NEA-Goodland filed a prohibited practice charge against the Board of Education, U.S.D. No. 352. The only issue raised was the negotiability of professional employee evaluation criteria. The designee of the Secretary of Human Resources found that the criteria were subject to mandatory negotiation pursuant to the Professional Negotiations Act. The Board of Education appealed to the district court, which held that evaluation *procedures* are mandatorily negotiable, but evaluation *criteria* are not. We agree with the district court's analysis and affirm.

### Facts

The facts of this case are not in dispute and, therefore, will

be summarized. In the fall of 1985, the Board of Education of U.S.D. No. 352 (the Board) created a committee to study evaluation procedures. The committee met on a monthly basis from January to May of 1986. The purpose of this committee was to assist the Board in adopting a written policy of personnel evaluation as required by K.S.A. 72-9001 *et seq.* The policy produced by the committee was referred to as the Professional Improvement Plan.

The Board and the NEA exchanged notices of items to be negotiated for the 1986-1987 contract. Both sides noticed proposals regarding professional employee evaluation procedures. A dispute arose between the parties regarding the Professional Improvement Plan. The Board refused to negotiate portions of the Professional Improvement Plan regarding evaluation *criteria,* but was willing to negotiate the portions of the plan regarding evaluation *procedures.* The Board and the NEA were not able to reach an agreement and the Board ultimately offered the teachers a unilateral contract. The unilateral contract included the Professional Improvement Plan, including the portions that had not been negotiated by the parties during the 1986-1987 contract negotiations.

The NEA filed a prohibited practice complaint against the Board. A hearing was held before a representative of the Secretary of the Department of Human Resources. An order was entered by the examiner which stated in part:

"Based on all the foregoing, the examiner is convinced that the legislature contemplated inclusion of the criteria upon which one is evaluated in their use of the words 'employee appraisal procedures' when defining those subjects listed at K.S.A. 72-5413(1) as terms and conditions of employment over which bargaining is mandatory."

The Board petitioned the district court for review of the decision of the Department of Human Resources. The district court concluded:

"6. Professional employee appraisal procedures involve the 'mechanics' and the 'how' and 'when' of employee evaluation and are mandatorily negotiable. The professional employee evaluation criteria include the 'what' or 'standard' used to evaluate areas of performance by employees thus determining the quality of work to be expected which is an exclusively managerial decision.

"7. There is nothing in Article 90 of the Kansas statutes to indicate the legislature's intention that any part of the criteria referred to in K.S.A. 72-9004 should be mandatorily negotiable.

"8. The Court should not put words in the mouth of the legislature nor rewrite statutes that are clear and concise as written.

"9. USD 352 is not required to negotiate teacher evaluation criteria. Their refusal to do so was appropriate under the law and thus no prohibitive practice occurred."

## The Standard of Review

K.S.A. 1988 Supp. 72-5430a sets out the procedure for review of controversies arising under the Professional Negotiations Act. K.S.A. 1988 Supp. 72-5430a(b) provides in part:

"Any action of the secretary pursuant to this subsection is subject to review and enforcement in accordance with the act for judicial review and civil enforcement of agency actions. Venue of the action for review is the judicial district where the principal offices of the pertinent board of education are located.

"The action for review shall be by trial *de novo* with or without a jury in accordance with the provisions of K.S.A. 60-238 and amendments thereto, and the court may, in its discretion, permit any party or the secretary to submit additional evidence on any issue."

The Act for Judicial Review and Civil Enforcement of Agency Actions is set out at K.S.A. 77-601 *et seq.* Pursuant to K.S.A. 77-623, "[d]ecisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases." Under the provisions of K.S.A. 1988 Supp. 77-618, the district court is usually limited to review of the agency record and does not conduct a trial de novo. The district court's scope of review is stated in K.S.A. 77-621, which contains the caveat, "Except to the extent that this act or another statute provides otherwise . . . ."

K.S.A. 1988 Supp. 72-5430a specifically provides for a trial de novo to the district court in cases arising under the Professional Negotiations Act.

*Nurge v. University of Kansas Med. Center,* 234 Kan. 309, 674 P.2d 459 (1983), which is cited by NEA, interpreted the definition of the trial de novo, as set forth in K.S.A. 44-1011, regarding appeals of orders of the Kansas Commission on Civil Rights. In *Nurge* we discussed the *district court's* scope of review in a trial de novo, not the appellate court's scope in reviewing the district

court's decision. NEA cites *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P.2d 828 (1968), which also concerned the scope of review for both the district court and the appellate court in reviewing an agency action. However, the *Foote* court interpreted the review statute then in effect to not encompass de novo review of the agency's action by the district court. *Nurge* and *Foote* are not applicable to a determination of our scope of review in this case.

The Board cites *Stephens v. Unified School District*, 218 Kan. 220, 546 P.2d 197 (1975). *Stephens* also involved the issue of whether the district court could conduct a trial de novo in reviewing the order of an administrative agency and, if so, what the scope of such a trial would be. The issue of the appellate court's scope of review where a district court has conducted a trial de novo in determining the validity of an order of an administrative agency was not raised in *Stephens*. In the case at bar, neither party has asserted that the district court exceeded its jurisdiction or authority in its review of the order of the Secretary of the Department of Human Resources. Neither party has challenged any of the findings of fact made by the district court.

NEA contends that we must make our own findings of fact and conclusions of law. We do not agree. Under K.S.A. 77-623, an appellate court is to review a district court's review of an agency action in the same manner it would review any other decision of a district court in a civil matter. "Generally, a litigant must object to inadequate findings and conclusions of law in order to give the trial court an opportunity to correct them. [Citation omitted.] In the absence of an objection, omissions in findings will not be considered on appeal." *Southwest Nat'l Bank of Wichita v. ATG Constr. Mgt., Inc.*, 241 Kan. 257, 265, 736 P.2d 894 (1987). "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988). The interpretation of a statute is a question of law. It is our function to interpret a statute to give it the effect intended by the legislature. *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984).

## Teacher Evaluation Criteria

K.S.A. 72-5414 gives teachers the right to organize in order to participate in professional negotiations with boards of education, "for the purpose of establishing, maintaining, protecting or improving terms and conditions of professional service." K.S.A. 72-5413(l) defines "terms and conditions of professional service" in pertinent part as "disciplinary procedure; resignations; termination and nonrenewal of contracts; reemployment of professional employees; terms and form of individual professional employee contract; probationary period; [and] professional *employee appraisal procedures.*" (Emphasis added.)

We have held that, if a topic is by statute made a part of the terms and conditions of professional service, then a topic is by statute made mandatorily negotiable. *NEA-Wichita v. U.S.D. No. 259*, 234 Kan. 512, Syl. ¶ 5, 674 P.2d 478 (1983).

The issue of mandatory negotiation was considered in *U.S.D. No. 501 v. Secretary of Kansas Dept. of Human Resources*, 235 Kan. 968, 970, 685 P.2d 874 (1984): "In our judgment, the topic approach was the proper method to be utilized by the secretary and the district court in interpreting K.S.A 72-5413(l). Such an approach is in accord with the intent of the Kansas legislature and is consistent with Kansas decisions."

The Board argues that professional employee appraisal *procedures* are distinct from professional employee appraisal *criteria.* NEA asserts that appraisal *procedures* and appraisal *criteria* are dependent on one another and, therefore, cannot be distinguished. NEA also contends that, if appraisal criteria do not fall under the topic of appraisal procedures, they fall under the topics of disciplinary procedure, termination and nonrenewal of contract, or reemployment of professional employees.

The Professional Improvement Plan at issue in this appeal was drafted in accordance with K.S.A. 72-9001 *et seq.* Specific and general criteria to be incorporated into such evaluation policies are set out at K.S.A. 72-9004. K.S.A. 72-9003 states, "Every board *shall* adopt a written policy of personnel evaluation procedure in accordance with this act and file the same with the state board." (Emphasis added.) Although specific guidelines are set out for the development of evaluation criteria, K.S.A. 72-9001 *et seq.* is more general in its requirements regarding eval-

uation procedures. K.S.A. 72-9003 requires that the policy must include evaluation procedures which are applicable to all employees and requires that evaluations be in writing and be filed in the employee's personnel file for a certain time period.

K.S.A. 72-9004(c) requires that the "original policy and amendments thereto should be developed by the board in cooperation with the persons responsible for making evaluations and the persons who are to be evaluated." The committee which was appointed to help implement the evaluation policy included several teachers, one of whom was a member of NEA.

Both parties have cited our opinion in *U.S.D. No. 501 v. Secretary of Kansas Dept. of Human Resources*, 235 Kan. 968. In *U.S.D. No. 501*, the school district appealed the trial court's decision that 501 had failed to negotiate with the NEA on three mandatorily negotiable topics. The three topics were in the areas of staff reduction, employee files, and the student teacher program. We considered each of the three topics:

(1) Staff Reduction:

"We agree with the secretary and the district court that the decision to reduce staff is a managerial decision for the school board and thus is not mandatorily negotiable. However, the *mechanics* for termination or non-renewal of teachers as a result of reduction of staff are mandatorily negotiable items." 235 Kan. at 973.

(2) Employee files:

We held the topic of employee files to be a mandatorily negotiable subject under K.S.A. 72-5413(l).

(3) Student Teacher Programs:

"We have concluded that the district court was correct in affirming the secretary and in holding that the NEA proposal covering the mechanics of selecting teachers to participate in student teacher programs fell within the category of 'hours and amounts of work' and was, therefore, mandatorily negotiable." 235 Kan. at 975.

Although *U.S.D. No. 501* did not address the specific issue raised in this appeal, our analysis is helpful in providing illustrations of what is and is not mandatorily negotiable. In *U.S.D. No. 501*, we distinguished *managerial* decisions and policies and the *mechanics* of such policies. By analogy, evaluation criteria should be defined as a managerial policy solely within the domain

of the Board, whereas the evaluation procedure should be defined as the mechanics of applying such criteria.

"Perhaps the single greatest, and almost universally recognized, limitation on the scope of bargaining or negotiation by state public employees is the concept of managerial prerogative as it has developed in the public sector. In essence, the concept creates a dichotomy between 'bargainable' issues, that is, those issues which affect conditions of employment, and issues of 'policy' which are exclusively reserved to government discretion and cannot be made mandatory subjects of bargaining." Annot., 84 A.L.R.3d 242, § 3[a].

In *Tri-County Educators' Ass'n v. Tri-County Special Ed.*, 225 Kan. 781, 784-85, 594 P.2d 207 (1979), we held that evaluation of employees was not a mandatorily negotiable item. The legislature subsequently amended K.S.A. 1979 Supp. 72-5413(l) to include "professional employee appraisal procedures." (L. 1980, ch. 220, § 1.) Black's Law Dictionary 1367 (4th ed. rev. 1968) defines "procedure" as:

"[t]he mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer; the machinery, as distinguished from its product. [Citation omitted.] That which regulates the formal steps in an action or other judicial proceeding; a form, manner, and order of conducting suits or prosecutions."

"It is presumed the legislature understood the meaning of the words it used and intended to use them; [and] that the legislature used the words in their ordinary and common meaning." *Rogers v. Shanahan*, 221 Kan. 221, 223-24, 565 P.2d 1384 (1976).

Both parties cite cases from other states in which the criteria versus procedures issue was raised.

In *Aplington Community School Dist. v. Iowa PERB*, 392 N.W.2d 495, 499 (Iowa 1986), the Iowa Supreme Court held that the term "evaluation procedures" encompassed substantive evaluation criteria and that negotiation of evaluation criteria was, therefore, mandatory. The court's holding, however, was based on a previous Iowa case, *Saydel Educ. Ass'n v. Public Emp. Rel. Bd.*, 333 N.W.2d 486 (Iowa 1983), in which the Iowa court gave the term "procedures" a broad definition. Our previous cases have noted a distinction between "mechanics" and "policy."

In *Univ. Educ. Ass'n v. Regents of Univ. of Minn.*, 353 N.W.2d 534, 542 (Minn. 1984), the Supreme Court of Minnesota stated:

"The substantive criteria, weights and review of faculty evaluations are undoubtedly managerial matters while the application of the evaluations is an issue that may directly affect a faculty member's terms and conditions of employment. The fairness of the application of faculty evaluation standards is ensured by the negotiability of the tenure and promotion procedural process. It is obvious that the quality of work an employer, public or private, expects is a managerial decision."

In rejecting reliance on case law of other jurisdictions to interpret what is mandatorily negotiable under Kansas law, we said in *National Education Association v. Board of Education*, 212 Kan. 741, 757, 512 P.2d 426 (1973): "Cases from other jurisdictions [prove] to be of little value in construing our own statute because each state has its own philosophy and each statute has its own peculiar phraseology; none has the legislative history of our own act."

Under K.S.A. 72-5413(l), evaluation procedures are mandatorily negotiable; evaluation criteria are not.

### The Prohibited Practice Issue

NEA contends that the Board committed a prohibited practice by refusing to negotiate evaluation criteria. K.S.A. 72-5430 defines prohibited practices. Included within the prohibited acts is the refusal to negotiate in good faith as required by K.S.A. 1988 Supp. 72-5423. We have held that evaluation criteria are not mandatorily negotiable under the Professional Negotiations Act; consequently, the Board did not commit a prohibited practice.

Affirmed.