(815 P.2d 1113)

No. 65,195 ■

VELMA M. WILLIAMS, *Appellant*, v. BEECH AIRCRAFT
CORPORATION, INC., *Appellee*.

Opinion filed March 15, 1991.

*Gerard C. Scott*, of Bradley J. Prochaska & Associates, of Wichita, for the appellant.

*Terry J. Torline*, of Martin, Pringle, Oliver, Wallace & Swartz, of Wichita, for the appellee.

Before BRAZIL, P.J., DAVIS and LARSON, JJ.

DAVIS, J.: Claimant, Velma M. Williams, appeals from the trial court's conclusion that she had failed to prove any work disability. Beech Aircraft contends the trial court's conclusion is a negative finding and must be affirmed. For legal errors set forth below, we reverse and remand with directions.

Highly summarized, the facts are that claimant was injured while operating a power gun in the course of her employment. The initial wrist injury developed into a condition known as shoulder-hand syndrome. This condition undeniably results in severe pain and the inability to perform certain motor functions with the arm.

Following treatments which included surgery, physical therapy, and occupational therapy, claimant was released by Dr. Philip R. Mills to return to work with no restrictions. Mills found she suffered a 3% permanent physical impairment. Dr. Ernest R. Schlachter disagreed with Mills. Based on his examination, Dr. Schlachter concluded that claimant suffered a 25% permanent partial impairment. He also determined that because the claimant had limited use of her arm, she would never be able to perform the job she was performing at the time of her injury.

The administrative law judge found the claimant suffered an 85% permanent partial general bodily disability. On appeal, the director concluded that Beech Aircraft had failed to provide vocational rehabilitation to claimant and had not offered proof of claimant's ability to work at comparable wages in the open labor market. The director, therefore, concluded that claimant suffered a 100% work disability.

On appeal, the district court overruled the director and found that claimant had sustained a 25% permanent partial disability to the body as a whole. However, the court concluded that claimant failed to sustain her burden of proof that her injury reduced her ability to perform work in the open market and earn comparable wages. Based upon this finding, the court concluded that plaintiff had failed to prove any work disability. The appeal follows.

## 1. Work Disability

Claimant presented evidence in the form of a deposition of Jerry D. Hardin. Jerry Hardin is the owner and president of Personnel Services, Incorporated, located at 1800 Epic Center in

Wichita, Kansas. At the time of his deposition, Hardin had been employed in personnel business for over 20 years and had owned Personnel Services since May of 1972. Personnel Services is used by some 3,000 companies in the Wichita area and has a national affiliation with some 250 companies located throughout the United States. Personnel Services provides basic recruitment for a fee. If a company using Personnel Services has an opening, Personnel Services will advertise and do the initial screening and processing of applicants for that position, both locally and nationally. Thus, Hardin, as president and owner, has extensive experience with the type of employment that exists in the economy, the type of people that are required to fill positions, and the duties that are required of employees for positions in the local market.

In arriving at its conclusion that the claimant had failed to sustain her burden of proving that her injury reduced her ability to perform work in the open market and earn comparable wages, the trial court rejected Hardin's testimony. The trial court concluded, as a matter of law, that K.S.A. 1990 Supp. 44-510e requires that no one can render an opinion on the claimant's ability to perform work in the open labor market and earn comparable wages unless that person is a vocational rehabilitation evaluator as defined by K.A.R. 51-24-3(c). K.A.R. 51-24-3(c) defines an evaluator as a person who has provided the director with the necessary proof of eligibility for qualification under K.A.R. 51-24-5(b) and who has received a certification of qualification from the director.

We have read K.S.A. 1990 Supp. 44-510e and find nothing which directly requires or suggests that only a vocational rehabilitation evaluator as defined by K.A.R. 51-24-3(c) may render an opinion concerning claimant's ability to perform work in the open market and earn comparable wages.

It would appear from our review of the qualifications and experience of Jerry D. Hardin that he would qualify as an expert witness. However, the determination of whether he qualifies is entrusted to the discretion of the trial court. We conclude that the exclusion of Hardin's testimony under the provisions of K.S.A. 1990 Supp. 44-510e and K.A.R. 51-24-3(c) is reversible error. We remand to the trial court for its further consideration of the question of Hardin's qualifications and the evidence offered by

him should the trial court conclude that he is qualified as an expert.

## 2. Vocational Rehabilitation Services

The district court further found that the claimant refused to participate in vocational rehabilitation services under the provisions of K.S.A. 1990 Supp. 44-510g(i). The district court erroneously concluded that the provisions of the statute required that the claimant request a vocational rehabilitation evaluation or benefits as a prerequisite to obtaining compensation pursuant to K.S.A. 1990 Supp. 44-510e for her loss in ability to perform work in the open market and earn a comparable wage.

The record contains no evidence that claimant refused to be evaluated for or to participate in a designated plan of vocational rehabilitation thereby triggering the director's discretion to suspend payments until claimant consented to be evaluated or to participate. Vocational rehabilitation is mentioned three times in the record. First, claimant acknowledges a need for vocational rehabilitation in her submission letter. Second, in response to an inquiry by the ALJ, claimant said she was not requesting rehabilitation at this time. Finally, Beech Aircraft denied that any vocational rehabilitation was required since claimant suffered no work disability.

There simply is no evidence to establish that claimant actively refused to participate in vocational rehabilitation. K.S.A. 44-510g(i) contemplates action on the part of the director before the act of refusal can be effected by a claimant. The district court's interpretation of K.S.A. 1990 Supp. 44-510g(i) is erroneous.

Contrary to Beech Aircraft's contention, the question does not present itself as a negative finding by the trial court, but rather consists of legal errors requiring reversal. We, therefore, reverse and remand for further consideration.

Reversed and remanded.