(816 P.2d 409)

No. 66,039

JOYCE E. SCHAD *Appellant/Cross-Appellee*, v. HEARTHSTONE NURSING CENTER and TRAVELERS INSURANCE CO., *Appellees/ Cross-Appellants*.

Opinion filed September 6, 1991.

*Kent Roth,* of Feldt & Roth, P.A., of Great Bend, for the appellant.

*Jerry M. Ward,* of Ward Law Office, of Great Bend, for the appellees.

Before BRISCOE, C.J., LARSON, J., and DONALD L. WHITE, District Judge Retired, assigned.

BRISCOE, C.J.: Claimant Joyce Schad appeals from the district court's determination that she sustained a 35 percent permanent partial work disability and Hearthstone Nursing Center and Travelers Insurance Company cross-appeal. The district court's judgment was filed the same day as the opinion in *Hughes v. Inland Container Corp.*, 247 Kan. 407, 799 P.2d 1011 (1990). Both claim-

ant and respondents filed motions for modification in light of *Hughes.* Both motions were denied.

K.S.A. 1990 Supp. 44-510e(a) provides in part:

"The extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the ability of the employee to perform work in the open labor market and to earn comparable wages has been reduced, taking into consideration the employee's education, training, experience and capacity for rehabilitation, except that in any event the extent of permanent partial general disability shall not be less than percentage of functional impairment."

Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. *U.S.D. No. 352 v. NEA-Goodland,* 246 Kan. 137, 140, 785 P.2d 993 (1990). The Supreme Court has interpreted this portion of K.S.A. 1990 Supp. 44-510e(a) in *Hughes,* 247 Kan. 407.

In *Hughes,* the district court took claimant's reduction in ability to perform work in the open labor market expressed as a percentage, added it to the percentage by which her wages dropped, and divided by two to get the percentage of disability. In approving the district court's computations in arriving at the percentage of disability, the Supreme Court said:

"We must construe the statute according to the context and the approved usage of the language and give effect to the statute as clearly written. [Citation omitted.]

"In so construing K.S.A. 1989 Supp. 44-510e(a), we conclude that both the reduction of a claimant's ability to perform work in the open labor market and the ability to earn comparable wages must be considered in determining the extent of permanent partial general disability.

"In order to arrive at a percentage, a mathematical equation or formula must necessarily be utilized. The district court determined to give each element equal weight and averaged the two to arrive at a percentage. The statute is silent as to how this percentage is to be arrived at, and, absent any indication as to how this is to be accomplished, we cannot say that the district court erred in the method adopted and applied in the instant case." *Hughes,* 247 Kan. at 422.

In this case, Schad argues the district court erred by failing to average her loss of access to the job market with the loss of actual wages in determining her percentage of disability. Hearthstone and Travelers have the same complaint but their argument differs as regards which numbers should be used in the formula.

·In refusing to use the *Hughes* averaging approach in Schad's case, the district court stated:

"The court concludes that the statute requires the trier of fact to give careful consideration to both subjects: access and wages.

"13. Does the court's conclusion that the two-prong test must be applied require the averaging approach advanced by claimant's attorney? . . . The court does not believe that it does.

"It is always tempting to fall under the lure of consistency that a mathematical test purports to achieve. In fact, this approach is just as subjective as the next. . . .

"What the court proposes is a work disability grounded upon findings of fact demonstrating the trier of fact gave consideration to both factors, but not requiring a straight jacket approach that will only invite manipulation and suppress honest judicial dialogue."

This court is asked to determine if the district court erred in not using the *Hughes* averaging formula. We conclude the court did not err. We note at the outset the *Hughes* court noted that 44-510e(a) does not mention a formula and the court did not require usage of the *Hughes* averaging formula in all cases. Instead, the *Hughes* court refused to say the district court's use of that method of determining disability was wrong.

The parties also challenge the district court's failure to apply *any* formula in determining Schad's disability rating. In reaching its conclusion that Schad suffered a 35 percent loss of access to the labor market and suffered a 61 percent loss in wages, the court found "[h]er present earnings and potential for future full time employment ameliorate limitations upon her access to the labor market and would make questionable an award based solely upon the highest estimates of that loss." The court clearly used a balancing process to reach its conclusion that Schad suffered a 35 percent disability. In determining how much weight to give each factor and in computing a disability percentage, the court in effect created its own "formula."

As previously stated, the Supreme Court did not say the *only* formula that can be used is the *Hughes* formula. The statute requires a balancing of two factors: ability to perform work in the open labor market and ability to earn comparable wages. These factors must be considered in light of "the employee's education, training, experience and capacity for rehabilitation."

K.S.A. 1990 Supp. 44-510e(a). Thus, the court must consider all of the factors and compute the percentage of disability.

Since the district court considered the statutory factors and in effect developed its own method for weighing those factors, this court is in the same position as the Supreme Court in *Hughes.* "The statute is silent as to how this percentage is to be arrived at, and, absent any indication as to how this is to be accomplished, we cannot say that the district court erred in the method adopted and applied in the instant case." *Hughes,* 247 Kan. at 422. There is no requirement in either Rule 165 (1990 Kan. Ct. R. Annot. 119) or in 44-510e(a) that the court explain its mental process in reaching a decision; therefore, the judgment is not defective.

The parties also complain the district court erred in refusing to modify its decision by holding that *Hughes* does not "require application of a mathematical equation to arrive at an appropriate permanent partial disability rating." Given our finding that the district court here must have used some formula to weigh the two statutory factors and arrive at its conclusion, the court's statement that use of a formula is not required is not reversible error.

Schad also contends the district court's findings that she sustained a 35 percent loss of access to the labor market and suffered a 61 percent loss in wages are supported by substantial competent evidence. As Hearthstone and Travelers concede this point, we need not address the issue.

Affirmed.