(832 P.2d 365)
No. 66,935

RONALD J. BROWN, *Claimant/Appellee*, v. THE CITY OF WICHITA, KANSAS, *Self-Insured Respondent/Appellant*, and KANSAS WORKERS COMPENSATION FUND, *Appellee*.

Opinion filed May 15, 1992.

*Kendall R. Cunningham*, of Hershberger, Patterson, Jones & Roth, of Wichita, and *Jerome E. Jones*, assistant city attorney, for respondent/appellant.

*Frances A. Hartman*, of Cordry, Hund & Hartman, of Wichita, for claimant/appellee.

*Cortland Q. Clotfelter*, of Joseph, Robison & Anderson, P.A., for the Workers Compensation Fund/appellee.

Before PIERRON, P.J., BRAZIL, J., and DONALD L. WHITE, District Judge Retired, assigned.

WHITE, J.: The City of Wichita (respondent) appeals the award of the district court granting Ronald J. Brown (claimant) an 85% permanent partial general bodily disability.

Two issues are before the court: whether the district court properly applied the two-part test set out in K.S.A. 1991 Supp. 44-510e(a) in assessing claimant's disability, and whether his retirement and pension benefits preclude him from receiving workers compensation benefits for permanent partial general disability.

Claimant, a firefighter for the City of Wichita, injured his back January 17, 1989, while lifting a patient onto a stretcher. He returned to work February 16, and reinjured his back on February 19, 1989, while fighting a fire. It is undisputed that claimant is unable to return to work as a firefighter. Forney Flemming, M.D., and Ernest Schlachter, M.D., testified that claimant incurred a 20% functional impairment to the body as a whole. Neither claimant nor the respondent requested vocational rehabilitation.

Respondent's Disability Retirement Board reviewed claimant's case and found he was 100% disabled and placed him on disability retirement July 29, 1989. He receives 75% of his former salary under the pension plan. It is unclear from the record whether his retirement was voluntary.

The Administrative Law Judge (ALJ) found claimant suffered an 80% reduction in his ability to perform work in the open labor market. He also found that claimant failed to prove any reduction in his ability to earn wages because he took disability retirement and has not looked for work. The ALJ averaged the two figures, 80% reduction in ability to perform work in the open labor market and 0% reduction in ability to earn comparable wages, and concluded claimant suffered a 40% permanent partial general bodily disability. The Fund, claimant, and respondent applied for review by the director of Workers Compensation.

The director concluded that claimant could not recover for the permanent partial general bodily disability under K.S.A. 1991 Supp. 44-510e(a) because claimant's voluntary retirement precluded him from returning to the open labor market. The director based claimant's award on his 20% functional impairment because, in the director's opinion, the claimant could not prove a work

disability. Claimant filed a timely petition for judicial review with the district court.

The district court concluded that the ALJ erred in finding that claimant had failed to prove a diminution in his ability to earn comparable wages. The court adopted all of the ALJ's other findings, concluding that the claimant suffered an 85% permanent partial general bodily disability.

Respondent claims the district court did not take into account K.S.A. 1991 Supp. 44-510e(a), which provides in part:

"The extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the ability of the employee to perform work in the open labor market and to earn comparable wages has been reduced, taking into consideration the employee's education, training, experience and capacity for rehabilitation, except that in any event the extent of permanent partial general disability shall not be less than the percentage of functional impairment."

We agree with the respondent. The statute requires a balancing of two factors: ability to perform work in the open labor market and ability to earn comparable wages. These factors must be considered in light of the employee's education, training, experience, and capacity for rehabilitation. The court must consider these factors to compute the percentage of the injured worker's disability. *Hughes v. Inland Container Corp.*, 247 Kan. 407, 422, 799 P.2d 1011 (1990); *Schad v. Hearthstone Nursing Center*, 16 Kan. App. 2d 50, 816 P.2d 409 (1991).

As long as the district court considers both of the statutory factors, the weight given to each side of the equation must be upheld if supported by substantial competent evidence. *Schad*, 16 Kan. App. 2d at 53.

In the present case, the court overturned the ALJ's conclusion that the claimant had failed to prove a reduction in his ability to earn wages, but the court itself also failed to make a finding of what percentage had been proven.

Claimant's expert witness, Jerry D. Hardin, testified that, in his opinion, claimant suffered an 80% to 90% reduction in both his ability to perform work in the open labor market and his ability to earn comparable wages. He reached this conclusion by evaluating claimant's education, job training, and restrictions placed on him by his doctors and by using the Dictionary of

Occupational Titles and the Kansas Wage Survey put out by the Kansas Department of Human Resources to find what available jobs claimant could perform and what those jobs would pay.

This testimony could serve as substantial competent evidence to support the district court's conclusion that claimant suffered an 85% disability, but it is unclear whether the court actually examined each factor to reach its conclusion. This requires us to set aside the award and remand the decision for more specific findings.

Respondent requests this court to weigh the evidence and arrive at a conclusion of 40% to 45% disability. It is clear from *Hughes* and *Schad* that it is not this court's function to determine the weight given to each part of the statutory equation. See also *Tovar v. IBP, Inc.*, 15 Kan. App. 2d 782, 784-85, 817 P.2d 212 (1991) (reiterating the substantial competent evidence standard of review on appeal of a district court's assessment of the percentage of a worker's disability).

Next, respondent asks this court to find that an injured worker who voluntarily retires removes himself from the open labor market as defined by K.S.A. 1991 Supp. 44-510e(a) and, therefore, is not eligible for a work disability. Only Rhode Island has taken the position that retirement absolutely bars the recovery of workers compensation disability benefits. See *Wright v. Rhode Island Superior Court*, 535 A.2d 318 (R.I. 1988); *Mullaney v. Gilbane Bldg. Co.*, 520 A.2d 141 (R.I. 1987). Other jurisdictions have taken different views.

New York takes the position that retirement does not preclude the claimant from collecting benefits if the retirement was caused by the disability (see, *e.g., Fletcher v. Ray Weil Chevrolet Corp.*, 135 App. Div. 2d 964, 522 N.Y.S.2d 373 [1987]; *Lamia v. New York City Transit Authority*, 103 App. Div. 2d 887, 477 N.Y.S.2d 911 [1984], but benefits are denied if the claimant retires for other reasons (*Cameron v. Carrier Air Conditioning Co.*, 85 App. Div. 2d 864, 446 N.Y.S.2d 499 [1981]). Several other jurisdictions have followed this approach: *Schroeder v. Highway Services*, 403 N.W.2d 237 (Minn. 1987); *McClish v. Pan-O-Gold Baking Co.*, 336 N.W.2d 538 (Minn. 1983); *State, ex rel. Rockwell v. Indus. Comm.*, 40 Ohio St. 3d 44, 531 N.E.2d 678 (1986); and *Peck v. Eimco Process Equipment Co.*, 748 P.2d 572 (Utah 1987).

Other jurisdictions have concluded that even if retirement is completely voluntary, it does not affect a claimant's entitlement to workers compensation disability benefits. *Franco v. Industrial Commission of Arizona*, 130 Ariz. 37, 633 P.2d 446 (Ct. App. 1981), *rev. denied* September 17, 1981; *Van Voorhis v. Workmen's Comp. Appeals Bd.*, 37 Cal. App. 3d 81, 112 Cal. Rptr. 208 (1974); *Thomaston Mills, Inc. v. Kierbow*, 185 Ga. App. 57, 363 S.E.2d 276 (1987), *cert. denied* January 21, 1988; *Victor v. Proctor & Gamble*, 318 Md. 624, 569 A.2d 697 (1990); *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 349 S.E.2d 70 (1986); *Bethenergy Mines v. W.C.A.B. (Kudra)*, 136 Pa. Commw. 720, 584 A.2d 1088 (1990); and *Wheeling-Pgh. Steel C. v W.C.A.B. (Smith)*, 70 Pa. Commw. 100, 452 A.2d 611 (1982).

The courts of Oregon have denied temporary disability benefits to a claimant who has voluntarily retired, reasoning that temporary benefits are designed to compensate a claimant for a temporary reduction in wages while recuperating from the injury. *Cutright v. Weyerhaeuser Co.*, 299 Or. 290, 702 P.2d 403 (1985). But, the Oregon Court of Appeals distinguished this rule when addressing the effect of voluntary retirement on permanent disability benefits. *Crumley v. Combustion Engineering*, 92 Or. App. 439, 758 P.2d 878, *rev. denied* 307 Or. 101 (1988). The court reasoned that wage replacement was not the only purpose for permanent disability payments. 92 Or. App. at 444-45. The Colorado Court of Appeals recently followed this approach in *State Comp. Ins. v. Indus. Claim App.*, 786 P.2d 423 (Colo. App. 1989), *cert. denied* January 2, 1990. The Washington Court of Appeals used similar reasoning and reached the same result when addressing temporary disability benefits in *Kaiser Aluminum v. Overdorff*, 57 Wash. App. 291, 788 P.2d 8 (1990), but the Washington courts have not addressed the effect of retirement on permanent disability benefits.

This reasoning is consistent with the difference between temporary and permanent partial general disability in K.S.A. 1991 Supp. 44-510e(a):

"Weekly compensation for temporary partial general disability shall be 66⅔% of the difference between the average gross weekly wage that the employee was earning prior to such injury as provided in the workers compensation act and the amount the employee *is actually earning after such injury in*

*any type of employment,* except that in no case shall such weekly compensation exceed the maximum as provided for in K.S.A. 44-510c and amendments thereto." (Emphasis added.)

On the other hand, permanent partial general disability is calculated as "the extent, expressed as a percentage, to which the *ability* of the employee to perform work in the open labor market and to earn comparable wages has been reduced." (Emphasis added.) K.S.A. 1991 Supp. 44-510e(a).

Several courts have reasoned that workers compensation disability benefits focus on the reduction in a claimant's ability to earn wages, not the actual wages lost. See, *e.g., Franco,* 130 Ariz. at 39; *Victor,* 318 Md. at 630-32; and *Heffner,* 83 N.C. App. at 88. We hold this to be consistent with the language of K.S.A. 1991 Supp. 44-510e(a). We find that voluntary retirement in Kansas does not affect permanent partial general disability benefits. While it appears that voluntary retirement precludes recovery of temporary partial general disability, we have not addressed this question because the present claimant received 12.71 weeks of temporary total disability under K.S.A. 1991 Supp. 44-510c(b) before he retired.

Respondent devotes most of its brief to the argument that by removing himself from the labor market, claimant has denied respondent the opportunity to require claimant to attend vocational rehabilitation under K.S.A. 1991 Supp. 44-510g(i). Neither the respondent, the director, nor the Fund requested the claimant to participate in vocational rehabilitation. A claimant is not required to request a vocational rehabilitation evaluation before obtaining benefits. K.S.A. 1991 Supp. 44-510g(i) contemplates action on the part of the director before the act of refusal can be effected by a claimant. *Williams v. Beech Aircraft Corp.,* 15 Kan. App. 2d 685, 688, 815 P.2d 1113 (1991). Similar to *Williams,* the claimant in the present case has not refused to participate in a rehabilitation plan within the meaning of K.S.A. 1991 Supp. 44-510g(i) because no action has been taken by the director.

Respondent also argues that the 1987 changes reflected in K.S.A. 1991 Supp. 44-510e(a), especially the addition of the presumption that there is no work disability if claimant engages in any type of work for comparable wages, demonstrate the legislature's intent to place more importance on the claimant's actual

wage loss. L. 1987, ch. 187 § 7. This is not only inconsistent with the distinction between temporary and permanent disability in K.S.A. 1991 Supp. 44-510e(a), but the pension benefits that claimant currently receives are not wages as defined by K.S.A. 1991 Supp. 44-511(a)(3).

Because claimant's retirement does not preclude him from proving a reduction in his *ability* to earn comparable wages, the case is remanded to the district court for a determination of that percentage. The district court must then create a formula for weighing that percentage with the 80% reduction in his ability to perform in the open labor market previously assessed to determine the extent of his permanent partial general disability.