Michael A. Ireland Jackson County Attorney Jackson County Courthouse Room 205 Holton, Kansas 66436
Dear Mr. Ireland:
As Jackson county attorney you request our opinion regarding the application of K.S.A. 66-273. Specifically, you ask whether the statute applies to public roadways outside the one-half mile statutory provision.
You indicate that there is a train which blocks a railroad crossing for about 45 minutes on a country road located about three miles from the city of Emmett. It is unclear whether K.S.A. 66-273, which places a ten minute limitation on trains standing on public roads and streets, applies. The statute provides:
 "Each and every railroad company or any corporation leasing or otherwise operating a railroad in Kansas is hereby prohibited from allowing its trains, engines or cars to stand upon any public road within one half mile
of any incorporated or unincorporated city or town, station or flag station, or upon any crossing or street, to exceed ten minutes at any one time without leaving an opening in the traveled portion of the public road, street or crossing of at least thirty fee in width."
At issue is whether the legislature intended that the ten minute limitation for blocking a railroad crossing apply only to crossings on public roads within a one half mile of a city or to all crossings and streets. The language of the statute is ambiguous in that it appears to establish three categories to which the ten minute limit applies: any public road within one half mile of a city; any crossing; any street.
The interpretation of a statute is a question of law and we must ascertain legislative intent by applying the rules of statutory construction. The first rule to which all others are subordinate is that the intent of the legislature governs when the intent can be ascertained. Unified School District No. 279 v. Sec'y of the KansasDepartment of Human Resources, 247 Kan. 519, 524 (1990) citing U.S.D.No. 352 v. NEA-Goodland, 246 Kan. 137, 140 (1990). When construing a statute legislative intent is to be determined from consideration of the entire act, rather than a certain isolated part. Kansas Commission onCivil Rights v. Howard, 218 Kan. 248, 252 (1975).
Additionally we must consider that the violation of K.S.A. 66-273
results in a misdemeanor punishable by fine. K.S.A. 66-274. As such the statute is penal and subject to strict construction. State v. Palmer,248 Kan. 681 (1991); State v. Magnes, 240 Kan. 719 (1987). Strict constriction requires that ambiguities in the statute be construed in favor of persons subject to the statute's operation. The rule of strict construction is however subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. State v. Fitzgerald, 240 Kan. 187, 190 (1986), citingState v. Fowler, 238 Kan. 213 (1985).
Clearly the statute's purpose is to prevent obstacles to those traveling. Denton v. Railway Co., 90 Kan. 51, 54 (1913). The categories suggested, separating public roads, crossings and streets, are not reasonable; there are no streets except in a town or city, and crossings are, by definition, on public roads. See K.S.A. 66-2,121. Had the legislature intended to subject the railroad to the statute's penalty provision found in K.S.A. 66-274 anytime it blocked any crossing on any
street or public road it would not have provided the one half mile qualification. This interpretation additionally does not appear to balance the interests of the public to travel with the interests of the railroad to carry on a business that may necessitate occasionally blocking a crossing. See generally 65 Am.Jur.2d Railroads sec. 25 (1972).
A strict construction of the statute requires that we construe this penal statute most favorably to the person or entity affected thereby. Accordingly, we must distinguish between railroad crossings (those within one-half mile of a town or city that are heavily traveled) and those crossings that are not heavily traveled where the likelihood of inconvenience resulting from the blocking is lessened. See 65 Am.Jur.2dRailroads sec. 342 (1972). This distinction effectuates the legislative intent to prevent obstacles to travel in the instances where the most inconvenience to travel is likely and is a reasonable construction of the legislation in accordance with the applicable rules.
In conclusion it is our opinion that K.S.A. 66-273 prohibits a railroad from blocking for more than ten minutes any crossing on a street or public highway when it is within one half mile of an incorporated or unincorporated city or town, station or flag station, unless an opening of at least thirty feet is allowed in the traveled portion.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm