(758 P.2d 257)

No. 61,960

In the Matter of the Marriage of JULIE ANN MARKS, *Petitioner*, and JOHN MARKS, *Respondent*.

MICHELINE Z. BURGER, *Judgment Creditor/Garnishor-Appellant*, JOHNSON COUNTY DISTRICT COURT TRUSTEE, *Garnishee-Appellee*.

Opinion filed July 29, 1988.

*Micheline Z. Burger*, appellant pro se.

*Donald C. Amrein*, district court trustee, appellee.

Before BRAZIL, P.J., ELLIOTT and GERNON, JJ.

BRAZIL, J.: Micheline Burger, a judgment creditor, appeals the district court's order declaring a child support payment held by the court trustee to be exempt from garnishment and directing it to be paid to the judgment debtor. We affirm for the reason that the judgment upon which the garnishment was based is void.

In 1986, Julie Ann Marks filed for a divorce. A journal entry filed following a hearing granted, among other things, a personal judgment against Marks in favor of her attorney Micheline Burger for attorney fees. On Burger's motion, the court allowed her to withdraw from the case. Marks subsequently obtained the divorce.

In October 1987, Burger garnished the Johnson County Court Trustee, seeking to enforce her judgment. The court trustee answered regarding Marks' property, noting the trustee held $294 payable to Marks. The answer stated this money was child support paid by another former husband in a different case, the trustee had mailed the money to Marks but it was returned because she had moved and left no forwarding address, and the money constituted the former husband's payment of an arrearage

still owing when his child support obligation terminated by court order. The trustee asked to have the garnishment of this money "quashed as being against public policy of the State of Kansas."

By journal entry filed after a hearing, the court found Marks' whereabouts were unknown and took the matter under advisement. About two months after that hearing, the trustee filed a motion for an order determining who should receive the funds. The court found the child support payment held by the trustee was "not subject to garnishment" and ordered it paid to Marks. Burger has timely appealed.

Prior to oral argument, this court notified the parties of questions it had regarding the validity of Burger's judgment. At oral argument, Burger conceded that she was relying solely upon K.S.A. 1987 Supp. 60-1610(b)(4) as authority to support her judgment.

"It is the duty of an appellate court to raise the question of jurisdiction on its own motion, and where the district court had no jurisdiction, the appellate court does not acquire jurisdiction over the subject matter on appeal." *Dinkel v. Graves Truck Line, Inc.,* 10 Kan. App. 2d 604, Syl. ¶ 1, 706 P.2d 470 (1985).

The judgment for fees was based on K.S.A. 1987 Supp. 60-1610(b)(4), which provides: "Costs and attorney fees may be awarded to either party as justice and equity require. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name in the same case."

The provision authorizing the award of costs and attorney fees directly to the attorney was added by the 1982 Kansas Legislature. L. 1982, ch. 152, § 9. The Family Law Advisory Committee of the Kansas Judicial Council had proposed the addition as part of major suggested revisions of the divorce statutes. Recommended Amendments to the Kansas Divorce Code, Jud. Council Bull. pp. 28, 40, 42 (December 1980). The committee said of this addition: "Subsection four relating to costs and fees was not changed, but a sentence was added allowing more practical enforcement of attorneys' fees. This is consistent with § 313 of the *Uniform Marriage and Divorce Act.*" Jud. Council Bull. p. 42. Section 313 of the Uniform Act and the comment following it read:

"The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party

of maintaining or defending any proceeding under this Act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

### "COMMENT

"The purpose of this section is to authorize the payment of costs and a reasonable fee by one party to the other party's attorney if the court, after considering the financial resources available to both parties, determines the order to be necessary. The section extends authority to make several orders for costs and fees at different stages of the proceedings, and permits an attorney to enforce the order directly." 9A U.L.A., Unif. Marriage and Divorce Act § 313, p. 450 (1987).

Section 313 clearly does not authorize an award of fees from a client to his or her own attorney, and at least two courts have so held. *Dickinson v. Dickinson*, 631 S.W.2d 61, 62 (Mo. App. 1982); *Sullivan v. Levin*, 555 S.W.2d 261, 262-63 (Ky. 1977). The Kentucky court said an order fixing the fee one party must pay his or her own attorney was not only improper but was "beyond the trial court's jurisdiction of the subject-matter." 555 S.W.2d at 263.

The 1982 amendment to K.S.A. 60-1610(Weeks), seeking to make the statute "consistent with § 313 of the Uniform Marriage and Divorce Act," Jud. Council Bull. p. 42, simply added authority for the court to order the award to either party to be payable directly to that party's attorney. It did not add authority for the court to order one party to pay his or her own attorney.

This interpretation of our statute is further bolstered by the Arizona Court of Appeals statement about the Arizona version of § 313. "The statute is designed to ensure that the poorer party has the proper means to litigate the action." *Countryman v. Countryman*, 135 Ariz. 110, 111, 659 P.2d 663 (Ariz. App. 1983). This purpose is not furthered by requiring either party to pay his or her own attorney fees. As the Kentucky Supreme Court said, "It is readily apparent that the authority of the court to order the payment of an attorney's fee in a divorce action does not exist for the protection of the attorney, but is strictly for the benefit of the client." *Sullivan v. Levin*, 555 S.W.2d at 263.

The order granting Burger a judgment against her own client in this divorce case benefits Burger and harms her client, at least to the extent of eliminating any defenses Marks might have had to Burger's claim.

Burger's judgment based upon K.S.A. 1987 Supp. 60-1610(b)(4) is void and will not support a garnishment action.

The trial court is affirmed.