(815 P.2d 124)

No. 65,698

In the Matter of the Marriage of D. DEAN NICE, *Petitioner/Appellant,* and ELIZABETH D. NICE, *Respondent.*

—

Opinion filed July 19, 1991. 

*David K. Martin,* of Payne & Jones, Chartered, of Overland Park, for the appellant.

*Jerold A. Bressel,* of Law Offices of Jerold A. Bressel, of Overland Park, and *Michael J. Albano,* of Paden, Welch, Martin & Albano, P.C., of Independence, Missouri, for the intervenors/appellees.

Before BRISCOE, C.J., GERNON and LEWIS, JJ.

BRISCOE, C.J.: Petitioner Dean Nice appeals a district court order that he pay Michael Albano and Jerold Bressel $10,000 in attorney fees for services rendered respondent Elizabeth Nice during a divorce action. At issue is the proper procedure to be followed by an attorney who has obtained a judgment for attorney fees against the opposing party in a divorce action and seeks enforcement of that judgment pursuant to K.S.A. 1990 Supp. 60-1610(b)(4).

The Nices were married on August 1, 1960, and Dean filed for divorce on May 7, 1986. In her answer, Elizabeth asked for an "order granting to the Respondent attorney's fees and court costs." As part of the divorce decree, Dean was ordered to pay $10,000 toward Elizabeth's attorney fees. Elizabeth timely appealed to this court but the appeal was abandoned when the parties reached an agreement without benefit of counsel. The agreement apparently provided that Dean increase his cash payments to Elizabeth from about $50,000 to approximately $90,000, and required that Elizabeth assume the obligation for all of her attorney fees. The agreement was submitted to the district court on July 26, 1988, but was never approved by the court and is not a part of the record on appeal.

On July 15, 1988, while the parties were working out their own post-divorce settlement, attorneys Albano and Bressel filed a motion to withdraw as counsel for Elizabeth, claiming she had failed to pay attorney fees. The motion to withdraw was granted on July 26, 1988, and, on August 15, 1988, Bressel and Albano filed a motion to intervene and a motion for an order of garnishment against Dean. The district court allowed counsel to intervene, affirmed its order that Dean pay $10,000 toward Elizabeth's attorney fees, and amended its original memorandum decision to grant judgment to Bressel and Albano in the amount of $10,000.

Dean contends that, once attorneys have withdrawn from a divorce action, they do not have the right to intervene in the divorce action to seek enforcement of the court's order awarding attorney fees.

K.S.A. 1990 Supp. 60-1610(b)(4) provides:

"Costs and attorney fees may be awarded to either party as justice and equity require. The court may order that the amount be paid directly to the attorney, who may enforce the order in the attorney's name in the same case."

Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. *U.S.D. No. 352 v. NEA-Goodland,* 246 Kan. 137, 140, 785 P.2d 993 (1990).

"In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citations omitted.]" *Citizens State Bank of Grainfield v. Kaiser,* 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

This court interpreted 60-1610(b)(4) in *In re Marriage of Marks,* 13 Kan. App. 2d 1, 758 P.2d 257 (1988), and held the statute allows the award of attorney fees from one party to the other, or directly to the other party's attorney, but does not authorize an award of fees in favor of an attorney against that attorney's client. The court noted:

"The provision authorizing the award of costs and attorney fees directly to the attorney was added by the 1982 Kansas Legislature. L. 1982, ch.

152, § 9. The Family Law Advisory Committee of the Kansas Judicial Council . . . said of this addition: 'Subsection four relating to costs and fees was not changed, but a sentence was added allowing more practical enforcement of attorneys' fees. This is consistent with § 313 of the Uniform Marriage and Divorce Act.' [Citation omitted.] Section 313 of the Uniform Act and the comment following it read:

> 'The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this Act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

#### 'COMMENT

> 'The purpose of this section is to authorize the payment of costs and a reasonable fee by one party to the other party's attorney if the court, after considering the financial resources available to both parties, determines the order to be necessary. The section extends authority to make several orders for costs and fees at different stages of the proceedings, and permits an attorney to enforce the order directly.' [Citation omitted.]"

*Marks*, 13 Kan. App. 2d at 2-3.

Considering the language of the statute, its historical background as discussed in *Marks*, and its obvious purpose, it is clear the legislature intended to allow courts to require one party to pay the other party's attorney fees. It is also clear the legislature intended to allow attorneys to enforce an award in the same action in which the fees arose.

Here, the district court considered the parties' financial resources in detail and ordered Dean to pay $10,000 toward Elizabeth's attorney fees. At that time, Albano and Bressel were attorneys of record for Elizabeth and they did not move to withdraw until a year later. When Albano and Bressel withdrew, they said they were withdrawing because they might "need to pursue legal remedies in collection efforts that will result in a conflict of interest in future matters." A reading of 60-1610(b)(4) leads us to a conclusion that this is the kind of situation the legislature intended to cover. The attorneys in this case proceeded properly in seeking enforcement of the judgment for attorney fees. The district court did not abuse its discretion in allowing their intervention.

As his second contention, Dean argues the outcome in this case should be controlled by his agreement with Elizabeth because it was drafted *after* the divorce was final. Specifically, Dean argues Elizabeth is obligated under that agreement to pay all of her attorney fees and he is relieved from the court's prior judgment which required that he pay Elizabeth's attorney fees.

"[A] journal entry of judgment entered in a matter is final and conclusive with regard to the issues decided." *Meyer v. Meyer*, 209 Kan. 31, 39, 495 P.2d 942 (1972). In this case, the journal entry containing the order that Dean pay the $10,000 in attorney fees was filed on July 15, 1987. There were several motions filed, but none involved the court's order that Dean pay $10,000 toward Elizabeth's attorney fees. A final journal entry was filed on April 12, 1988. Although the parties apparently submitted an amended decree of divorce to the court for approval, the decree was never approved or filed by the district court. Thus, the journal entry ordering Dean to pay $10,000 toward Elizabeth's attorney fees, as later amended to enter judgment in that same amount in the names of Elizabeth's attorneys, is final and conclusive. Any subsequent agreement by the parties, without approval of the court, has no effect upon and does not modify that order.

Affirmed.