(925 P.2d 447)

No. 74,815

In the Interest of C.Y., d/o/b 06/03/92.

Opinion filed October 18, 1996.

*Carl S. Black*, of Fairway, for appellant.

*Victoria S. Meyer*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., KNUDSON, J., and RICHARD M. SMITH, District Judge, assigned.

ELLIOTT, J.: The birth parents of C.Y. appeal the termination of their parental rights. We reverse and remand.

The petition alleging C.Y. was a child in need of care stated that C.Y. had been placed in protective custody at mother's request partly because mother's mental condition and alcoholism prevented her from properly caring for C.Y. and that mother had previously been convicted of sexually abusing her other children who

were now in the custody of the Sioux Nation (of which mother is a member).

The initial termination hearing was continued because notice to the Fort Peck Tribe of the Sioux Nation did not comply with the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 *et seq.* (1994). Mother requested that the case be transferred to the tribal court and father did not object.

A lawyer in private practice in North Dakota entered his appearance on behalf of the tribe and filed a document stating that economic conditions prevented the tribe from appearing at the termination hearing, that the tribe retained its right to intervene, and that the tribe "will object to any Motion to Transfer Jurisdiction in this matter to the Fort Peck Tribal Court."

The trial court accepted the document as formal declination of jurisdiction and terminated both parents' rights. Father has adopted mother's brief as his own.

We have a duty to question jurisdiction on our own motion. *In re Marriage of Marks*, 13 Kan. App. 2d 1, 2, 758 P.2d 257 (1988).

All parties agree the ICWA applies to this case. The ICWA, 25 U.S.C. § 1911 (1994), includes the following relevant provisions:

"**(b) Transfer of proceedings; declination by** *tribal court.*

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: *Provided,* that such transfer shall be subject to declination by the *tribal court* of such tribe.

"**(c) State court proceedings; intervention.**

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's *tribe* shall have a right to intervene at any point in the proceeding." (Emphasis added.)

To us, the statute is clear. It is the *tribe* which has the right to intervene under 25 U.S.C. § 1911(c), and it is the tribal *court* which must decline to exercise jurisdiction over a case transferred to it under § 1911(b). "Indian tribe" and "tribal court" are separately

defined and denote separate entities. See 25 U.S.C. §§ 1903(8) and (12) (1994).

Here, the Fort Peck Tribal Court has never declined jurisdiction. Counsel for the *tribe* merely stated the *tribe* would resist the transfer.

Curiously, the trial court did not need a formal declination of jurisdiction from the tribal court if it found that good cause existed not to transfer the case on mother's request and there was no objection to the transfer from father. The trial court made no such finding and, arguably at least, the trial court may have inferentially found it did not have good cause to retain jurisdiction since it did find it needed a formal declination of jurisdiction before it could proceed with the case.

As a result, we hold the trial court failed to comply with the ICWA in determining whether to transfer the case to the tribal court. In order to comply with the ICWA, the trial court must obtain a declination of jurisdiction from the *tribal court* or make a finding that good cause exists not to transfer the case to the tribal court. 25 U.S.C. § 1911(b).

We do not feel we are being overly technical in our holding. As we read the ICWA, its clear language requires this result.

Reversed and remanded with instructions that the trial court comply with 25 U.S.C. § 1911(b).